WILLIAMS, Judge.
Defendants Richard Stricks and his insurer appeal the judgment in plaintiff’s favor for damages arising out of a fire which originated on Stricks’ property and spread to plaintiff’s property. Plaintiff, David Band, appeals the denial of damages for inconvenience and mental anguish upon witnessing the destruction of his property at 422-422⅛⅛ South Broad Street. We reverse the imposition of liability upon defendant Richard Stricks.
The fire in question originated on February 13, 1985, at 418-420 South Broad (the Stricks property). One side of the property was being leased to C & J Bail Bonds through Mr. John Meyers. The other side of the property was vacant at the time of the fire and was under renovation. Attached to the rear of the building was a shed which, like the building, was divided by a common wall. There was no access to the shed from the interior of the apartment.
The fire originated in the side of the shed behind the rental unit, 418 S. Broad. The fire spread to 422-422V2 S. Broad, owned by David Band, causing damage in the amount of $6,183.25. Mr. Band’s insurer, General Accident Fire and Life Assurance Corporation, Ltd., paid the entire amount to Mr. Band for repairs, less the one hundred dollar deductible. General Accident and Mr. Band initiated suit against Mr. Stricks and his insurer, claiming that the fire was caused by the joint negligence of Stricks, Lee Young, the co-owner of the property, and Carl Williams, an employee of the lessee.[1]
Defendant attempted to prove that the cause of the fire was arson, for which he could not be held liable, or, alternatively, negligence attributable solely to the lessee, John Meyers.[2]
The trial court found that papers stored near the water heater caused the fire.[3] The court further found that defendant actually knew the combustible materials had been placed in dangerous proximity to *290 the water heater and on that basis found Mr. Stricks liable for the resulting damage.
In oral reasons-for judgment, the trial judge noted that Mr. Stricks had failed to ensure that his tenant had obtained a liability policy in the amount of $50,000.00 as required by the lease contract. The judge further noted that Mr. Stricks was responsible for maintenance of the entire property, including the cutting of grass and removal of trash. The judge stated:
“The court’s of the opinion that if the tenants stored combustible materials in the storage shed that Mr. Stricks had knowledge of such storage and he’s responsible if in fact the papers stored in the shed caused this fire. According to Mr. Pfister’s testimony, the fire investigator, the cause of the fire was the storage of these combustible materials near the hot water heater.”
We find that the trial court erred in finding that Mr. Stricks had knowledge of the storage of materials near the water heater.

Cause of the Fire

Mr. Karl Pfister, a fire origination expert of the N.O. Fire Department, investigated the cause of the fire. Mr. Pfister testified that when he arrived on the scene of the fire, he examined the water on the floor of the shed. ' He saw no sheen on the water, which indicated to him that there was no fire accelerant present. He also examined the papers, files and remaining materials in the shed and concluded that no accelerant had been used to ignite the fire. Mr. Pfis-ter concluded that the fire was caused when papers stored near the water heater ignited.
We find no error in the trial court’s conclusion that the fire was caused by papers stored too closely to the water heater.

Storage of Materials Near Heater

Mr. Stricks testified that it was the intention of the lessors that the tenants would use the shed behind the rental property. He was never notified that the tenant was storing an excessive amount of debris in the shed, nor did he have reason to so suspect because of the fairly large size of the shed.
Mr. Stricks testified that the 418 S. Broad side of the property was painted and cleaned before it was rented to C & J Bail Bonds, and admitted it was possible that the painters stored cans of water-based latex paint in the shed behind that property. He did not provide a lock for the shed. Mr. Stricks also stated that he was responsible for the upkeep of the exterior of the building, including cutting the grass and painting the building. He also employed someone at that time to keep the premises free of debris from the neighboring fast-food businesses. However, between the time the property was leased and the time of the fire, Mr. Stricks did not use, inspect or enter the storage shed behind 418 S. Broad. He did not inquire into the tenants’ use of the property nor did he inspect the shed.
Mr. Stricks admitted having seen Mr. Meyers’ employee, Mark Brelli, move boxes into the shed. However, he was not aware of what these boxes contained and he did not see Mr. Brelli place the boxes next to the water heater. Mr. Stricks did not learn that the boxes contained C & J Bail Bonds files until after the fire occurred.
The tenant, John Meyers testified that he did not store anything in the shed. However, Meyers did admit that his employee, Paul Williams, could have stored materials in the shed. He stated that he was not aware of the storage of any fire acellerants such as gasoline, but he had seen cans of paint in the shed. Mr. Meyers further stated that there was no lock on the shed and Mr. Strick’s workmen had access to the shed.
We find that the plaintiff failed to provide sufficient evidence that Mr. Stricks had actual knowledge that his tenant was storing combustible materials in close proximity to the water heater in the shed behind the rental property. Though there was no access to the shed from the interior of the apartment, the entrances to each side of the shed were located at the end of the alleys on either side of the double. Plaintiffs did not present evidence to refute *291 Stricks’ testimony that he did not use, inspect or enter the storage shed behind 418 South Broad after it was leased to C & J. The fact that the shed is physically attached to the double and that the entrance to the portion of the shed in question is at the end of the alley along the side of the leased half of the double provides support for Stricks’ testimony that the shed was considered included in the lease of 418 South Broad.
For the reasons discussed, we reverse the imposition of liability upon defendant Richard Stricks.
Because we reverse the imposition of liability upon defendants, we need not address the court’s refusal to impose upon the defendants liability for mental anguish allegedly suffered by Mr. Band.
REVERSED.

. The tenant of 318 South Broad, John Meyers, sued his insurer, Travelers Insurance Company, for loss of personal property. Meyers subsequently settled his claim against Travelers.

. The premises were leased to C & J Bail Bonds through Mr. John Meyers.

. The court rejected General Accident's arguments of res ipsa loquitur and strict liability. Though the trial'court did not state reasons for rejecting these arguments, we note the total lack of evidence that the heater was defective and that the shed in which the fire originated was not in the exclusive control of the lessor. See Narcisse v. Fontcuberta, 359 So.2d 1342 (La.App. 4th Cir.1978).