359 So.2d 1342 (1978)
Maurice NARCISSE, Jr., et al.
v.
Henry P. FONTCUBERTA et al.
No. 9274.
Court of Appeal of Louisiana, Fourth Circuit.
June 13, 1978.
*1343 McDonough & McDonough, Birch P. McDonough, New Orleans, for third party defendant/plaintiff-in-reconvention/appellant Betty Parker.
Edward F. Wegmann, Fred P. Westenberger, Fred P. Westenberger, T. A., New Orleans, for third party plaintiffs/defendants-in-reconvention/appellees Henry P. Fontcuberta and Lafayette Insurance Co.
Before SCHOTT, BEER, and GARSAUD, JJ.
GARSAUD, Judge.
This suit was brought as a result of a fire on August 7, 1975 on the premises of 920-922 North Rendon Street in New Orleans, owned by defendant Henry Fontcuberta. The original suit was filed by Maurice Narcisse against Fontcuberta and his insurer, Lafayette Insurance Company. Narcisse owned and occupied the residence at 924 North Rendon, which also was severely damaged by the fire.
Defendant Fontcuberta then filed a third-party demand against appellant, Betty Parker, the lessee of 922 North Rendon, who then reconvened against Fontcuberta. After a full trial of the case before the Commissioner in Civil District Court for the Parish of Orleans, judgment was rendered in favor of defendants and third-party defendants-in-reconvention, dismissing the suits of plaintiffs and third-party plaintiff-in-reconvention. Only Betty Parker, third-party plaintiff-in-reconvention, has appealed.
There is little dispute concerning the facts of this case. All of the testimony was to the effect that the fire broke out in the rear of 922 North Rendon, which was leased by appellant Betty Parker. The other half of the double house, 920 North Rendon, had been occupied by defendant's brother, but was vacant at the time of the fire. Because the back part at 922 North Rendon was more intensely burned than at 920 North Rendon, the evidence showed that the fire originated in the rear room of 922 North Rendon, where the water heater was located. Plaintiff and third-party plaintiff-in-reconvention, specifically pleading res ipsa loquitur, contend that the fire was caused solely by the negligence of defendant Fontcuberta in maintaining a defective water heater on the premises. Originally, they alleged there was a defective electrical system; however, this claim seems to have been abandoned on appeal since there was no evidence to support such an allegation.
Defendants, on the other hand, contend that res ipsa loquitur does not apply to them, but instead that appellant Parker should be found liable under that doctrine for having stored combustibles near the water heater.
The Commissioner filed a carefully considered report which was adopted by the district court. The district court concluded that plaintiff and third-party plaintiff-in-reconvention/appellant failed to prove that the water heater had a vice or defect and that it was the cause of the fire.
The sole issue presented is whether plaintiffs carried their burden of proof, or *1344 whether the burden shifted to defendants by the application of the doctrines of either res ipsa loquitur or strict liability for things in one's custody. C.C.Art. 2317, Loescher v. Parr, 324 So.2d 441 (La.1975).
Neither of the above doctrines are applicable in this case, because the water heater here was clearly not exclusively within the custody of defendant Fontcuberta. The doctrine of res ipsa loquitur applies only (1) where the defendant had exclusive control over the area, (2) where the cause of the accident which resulted in damage is more properly within the knowledge of defendant, and (3) where all the facts and circumstances indicate that the negligence of the defendant, rather than the negligence of others, is the most likely cause of the accident. Boudreaux v. American Insurance Company, 262 La. 721, 264 So.2d 621 (1972); Nero v. Ideco, 255 So.2d 128 (La.App. 3rd Cir. 1971), writ refused, 260 La. 125, 255 So.2d 352.
"For the doctrine of res ipsa loquitur to be applicable, the evidence as to the circumstances connected with the accident must be of such a nature that it creates an inference that the accident was caused by the negligence of the defendant, and with a fair amount of certainty excludes every other reasonable hypothesis as to the cause of such accident. This inference is not drawn merely because the accident occurred or the thing speaks for itself, but because all of the circumstances surrounding the accident are of such a character that the only fair and reasonable conclusion is that the accident was due to some omission of the defendant's duty, and that there is no other reasonable or logical explanation for the occurrence of such an accident." (Citations omitted.) Fruge v. Trahan, 194 So.2d 478, 482 (La.App. 3rd Cir. 1967).
Here, the facts do not indicate that a faulty water heater was a more likely cause of the fire than any negligence on the part of Betty Parker. Certainly they do not indicate that any knowledge of the cause is more properly with the defendant.
The same problem is encountered in trying to apply the doctrine of strict liability according to Loescher v. Parr, supra. Neither the premises nor, specifically, the water heater were within the exclusive custody of defendant Fontcuberta, and no vice or defect in the water heater was ever shown. Although a fire inspector did note that a faulty water heater was a "possible" cause, all that was proven here, by expert testimony, was that the fire originated in the area of the water heater.
Once it is clear that the burden of proof never shifted to defendant under one of the above doctrines, it must be determined whether plaintiffs proved, by a preponderance of the evidence, that the fire was caused by the negligence of defendant Fontcuberta. Since there was no direct evidence of the cause of the fire, plaintiffs must rely on circumstantial evidence.
"It is well settled that the plaintiff has the burden of proving causation by a preponderance of the evidence. It is only necessary that the evidence show that it is more probable than not that the harm was caused by the tortious conduct of the defendant. . . . This burden of proof may be satisfied by direct or circumstantial evidence. . . . It suffices if the circumstantial evidence excludes other reasonable hypotheses only with a fair amount of certainty so that it is more probable than not that the harm was caused by the tortious conduct of the defendant." (Citations omitted.) Townsend v. State Department of Highways, 322 So.2d 139, 141, 142 (La.1975).
In looking at the evidence adduced, it does not appear that it "excludes other reasonable hypotheses" with a fair amount of certainty. Although a faulty water heater is one possibility, other reasonable hypotheses were not excluded. The Commissioner's Report sets forth the evidence produced:
"Claimants contend that the defendant Fontcuberta maintained in the premises 922 North Rendon an antiquated dangerous *1345 hot water heater. But no evidence was introduced in support of this contention.
"The hot water heater in question was approximately six years old. The tenant had never notified defendant that said hot water heater was malfunctioning. When she first went in to the premises in May of 1975 the hot water heater was lit by a serviceman from New Orleans Public Service. It did not remain lit and she called Public Service who sent a service man to relight it. After that there was no occasion presented to the tenant to make further calls about the heater and at no time did she complain to the defendant about it not operating in a satisfactory manner. Defendant had no reason to assume any malfunctioning of that hot water heater and the Public Service representative called as a witness testified that had there been a deficiency in the hot water heater a notation would have been made in the records and they would have refused to turn it on. It follows that as of May 1975 there was not a malfunction with the hot water heater located in the premises 922 North Rendon Street.
"A City Fire Inspector was produced on behalf of plaintiffs and he testified that the origin of the fire was around the hot water heater and in his report he stated `possible faulty heater.' In testimony he speculated by assuming that this hot water heater flared out and lashed at trash located around it. However, he was unable to state if trash which he observed upon his investigation after the fire had been there prior to the fire. He did not inspect the element in the hot water heater and concluded by saying that there was no way possible for him to determine if that element did function properly. Considering all aspects of the testimony given by the Fire Inspector, it must be concluded therefrom that his opinion was based upon pure conjecture and that it left unanswered the question of what caused the fire.
"The Fire Captain called by the plaintiff testified that the trash which was noticeable around the hot water heater in 922 North Rendon Street after the fire had been extinguished was put there by his men who pulled it there from the kitchen and from the other side of 920 North Rendon. He was unable to state that there was a pile of trash around this hot water heater prior to the fire.
"This witness testified that barring electric[ity] or gas being the cause of the fire, his opinion was that the hot water heater caused it. This too is simply speculation on the part of this witness and as such it has no probative value.
"At no time did the tenant ever notify the defendant owner of any malfunction in the hot water heater, or the need for any repairs thereto; the records of the New Orleans Public Service do not reflect any deficiency or malfunction therewith. And there was no proof offered in support of the contention by plaintiff and third party defendant in reconvention that the defendant Fontcuberta was maintaining in the premises 922 North Rendon Street a dangerous antiquated hot water heater. Plaintiff took possession of the hot water heater that was in the premises 922 North Rendon Street and turned same over to an expert for examination, to determine if said heater was the cause of the fire. However, the expert hired by plaintiff was not subpoenaed as a witness. It must therefore be presumed, from a legal standpoint, that the testimony would have been adverse to plaintiff." Report of the Commissioner, pp. 4-6.
Thus, it appears that plaintiffs failed to carry their burden of proof to show that the cause of the fire was the result of some negligence on the part of defendant Fontcuberta.
Based on the record, we can find no manifest error on the part of the Commissioner or the district court. Accordingly, the decision of the district court is affirmed.
AFFIRMED.