378 So.2d 1006 (1979)
Irene M. KELLER et al.
v.
Mr. and Mrs. Gerald KELLY et al.
No. 10066.
Court of Appeal of Louisiana, Fourth Circuit.
November 21, 1979.
On Motion for Rehearing November 27, 1979.
Writ Refused February 8, 1980.
*1007 Melvin M. Belli, Abbott J. Reeves, Gretna, for plaintiffs.
Ernest L. O'Bannon, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, for defendants.
Before REDMANN, BEER and GARRISON, JJ.
On Court's Own Motion for Rehearing November 27, 1979.
REDMANN, Judge.
In an action for the wrongful death of a tenant in a motel-apartment building fire not originating in the tenant's apartment, must his survivors prove the cause of fire and that the cause was the owner-operator's fault, or must the owner-operator prove the cause and that it was not his fault? We adopt the latter view and affirm the judgment on jury verdict for a tenant's survivors from which the owner-operators *1008 and their insurer appeal. We reject the survivors' answer seeking increase in quantum.
There is simply no evidence of how the fire began or even where it began (other than in the middle of the row of apartments of which decedent's was at one end). The fire department's chief of prevention and investigation testified that he found no evidence leading to a probable cause of the fire.[1]
Our fire is thus one of origin unknown but not reasonably attributable to the deceased tenant because it began a few apartments distant from his. On this basis we distinguish Long v. McMichael, La.App. 1 Cir. 1968, 219 So.2d 810, and Narcisse v. Fontcuberta, La.App. 4 Cir. 1978, 359 So.2d 1342, because there the tenants could themselves have somehow caused the fire.
It cannot be said here that plaintiff's direct evidence squarely meets the test of Boudreaux v. American Ins. Co., 1972, 262 La. 721, 264 So.2d 621, by proving as more probable than not that the owner's fault within La. C.C. 2315 caused the fire, because negligence of the other tenants is perhaps as plausible a cause as the owners' negligence (as in McMichael, supra) and therefore res ipsa loquitur is not readily applicable, see Pilie v. National Food St. of La., Inc., 1963, 245 La. 276, 158 So.2d 162. Nor do we have a clear case of the owner's activities on his land creating special risks for the neighbors, C.C. 667, or spreading noxious substances (smoke), C.C. 669, as in Chaney v. Travelers Ins. Co., 1971, 259 La. 1, 249 So.2d 181, and Langlois v. Allied Chem. Corp., 1971, 258 La. 1067, 249 So.2d 133.
Nevertheless the evidence establishes inescapably that the fire was caused either by the fault of the owners (including premises defects under C.C. 2322[2] and 2695;[3] see also C.C. 670[4]) or by the fault of the tenants at whose apartments the fire began, and not by the fault of plaintiff's decedent. Under that proof, our conclusion is that the burden of going forward with the evidence shifts to the owners. Unless the owners show that the fire was not their fault, they must be held liable. The innocent tenant's position is not unlike that of the slip-and-fall victim in a self-service store, and the owner's is not unlike that of the store owner: the victim often cannot by other standards prove the owner's fault, but his evidence proves that either the owner is at fault (in either putting or allowing the substance to remain on the floor) or a customer is, and the burden then shifts to the owner to exculpate himself; Gonzales v. Winn-Dixie La. Inc., La.1976, 326 So.2d 486; Kavlich v. Kramer, La.1975, 315 So.2d 282.
*1009 Defendant owners, like plaintiff, were unable to establish the cause of the fire. They thus were unable to exculpate themselves and the jury verdict holding them (and their insurer) liable was therefore correct.
Defendants argue contributory negligence or assumption of risk. There was testimony that the deceased tenant returned to his room to get his employer's car keys while the building was on fire. That was the testimony of a man whose house was next to the end of the motel where decedent lived, and who slightly knew decedent as a neighbor, and whom decedent began to help while the fire was raging. We assume that the jury accepted that testimony (which is somewhat supported by the fire captain's testimony that he had heard at the fire that a man had returned into the building to get his car keys).
To assume a risk so as to bar one's recovery, McInnis v. Fireman's Fund Ins. Co., La.1975, 322 So.2d 155, 157, notes:
one must knowingly and voluntarily encounter [the] risk ... [,] must understand and appreciate the risk involved and must accept the risk as well as the inherent possibility of danger because of the risk.... The burden of proving this defense is upon the defendant.
See also Langlois, supra.
Defendants here did not prove that decedent assumed the risk. They did not show that decedent knew the riskindeed, the evidence does not make it clear what risk caused his death, whether fire, smoke inhalation, asphyxiation or other cause. (His body was so badly burned that the precise cause of death is not established.) From the neighbor's testimony it appears that decedent's end of the building was not on fire at the time decedent returned for the keys. Thus decedent may well have supposed that no significant risk was involved in running in for the keys and immediately out again. Why decedent did not immediately return outside is not known. The conclusion that defendants did not show that decedent knew and assumed the risk is within the jury's province on the evidence in the record.
Similarly, because the reasonable man might not apprehend the risk involved in returning to a ground-floor motel room while the building was afire several units away, we cannot overturn the jury's conclusion that decedent was not contributorily negligent.
Finally, both parties appeal on the $200,000 quantum. Because that lump sum includes loss of support to decedent's four daughters as well as their general damages, we feel obliged to note that his monthly pay from his actual employment at the time of the June 1974 fire was about $400. The overall quantum appears to be within the jury's "much discretion" under C.C. 1934(3).
Affirmed.
BEER, J., dissenting.
BEER, Judge, dissenting.
Hesitant to burden this opinion with extensive contrary observations, I simply express my dissent from the majority's conclusions both with respect to plaintiff's burden of proof and quantum of damages awarded to the decedent's children.
Being of the view that plaintiff has failedas a matter of lawto carry the burden of proof necessary to prevail, I observe, only to fulfill a self-imposed obligation, my agreement with the majority's conclusion regarding assumption of the risk and my disagreement with their conclusion that the award of $200,000 is not an abuse of discretion. I'm convinced that it is.
Accordingly, I respectfully dissent.

On the Court's Motion for Rehearing
PER CURIAM.
Latham v. Aetna Cas. & S. Co., La.1979, 377 So.2d 350, 352, 353, decided the same day as our decision in this case, provokes our own motion for rehearing by this language:
There is simply no evidence as to the cause of the fire. Nor does the evidence exclude many plausible causes of the fire which are not attributable to the lessor.

*1010 For example, the fire could have started in the adjoining apartment through the fault of the tenant of that apartment; or it could have started in plaintiff's apartment because of some defect in one of his appliances that was destroyed in the fire.
We reasoned that a showing that a fire began elsewhere than in plaintiff's apartment obliges the building owner to exculpate himself if he is to escape liability for plaintiff's damages. Latham's facts are not those facts, however. In Latham the fire began either in plaintiff's apartment or the adjacent one, and thus plaintiff there did not show, as our plaintiff did, that the fire could not have been his fault and that he was not in a position to have knowledge of the cause of the fire.
We therefore conclude that Latham does not require rehearing and reversal of our original opinion.

ON THE COURT'S MOTION FOR REHEARING
BEER, Judge, dissenting.
I respectfully dissent from the per curiam for the same reasons set forth in my original dissenting opinion.
NOTES
[1] Plaintiff did present evidence that electrical fuses had blown with some frequency, and she would make the leap from that evidence to a conclusion that faulty electric circuitrya building defect within La. C.C. 2695caused the fire. But that fuses blow indicates no defect in the circuitry other than possible undercapacity for the load, which is precisely what fuses protect against: fuses blow out to prevent wiring from heating up from an overload; fuses prevent an overload by disconnecting the wiring from the source of electricity, if the current actually drawn exceeds the wire's safe capacity. Plaintiff did not show that the fuses were mismatched to the wire or did not protect the wire from overheating.

Plaintiff also presented some contradicted evidence that there were rats in the vicinity and that the owners sometimes let trash accumulate in the vicinity, and plaintiff theorizes that rats' gnawing on electric wires caused the fire. But there is no evidence of gnawed wires, much less that gnawed wires caused the fire.
[2] The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction.
[3] The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same.
[4] Every, one is bound to keep his buildings in repair, so that neither their fall, nor that of any part of the materials composing them, may injure the neighbors or passengers [passersby], under the penalty of all losses and damages, which may result from the neglect of the owner in that respect.