385 So.2d 341 (1980)
Claude A. FONSECA
v.
MARLIN MARINE CORPORATION, Alfred Cenac, Jr., and The Home Indemnity Company.
No. 13158.
Court of Appeal of Louisiana, First Circuit.
March 31, 1980.
Rehearing Denied June 9, 1980.
J. Nelson Mayer, III, New Orleans, for plaintiff and appellant.
*342 Philip McMahon, Houma, for defendant and appellee.
Before EDWARDS, LEAR and WATKINS, JJ.
WATKINS, Judge.
This is an action to recover damages in tort, or in the alternative, workmen's compensation benefits. The trial court rendered judgment for defendants-appellees, dismissing both causes of action. We affirm.
Although other defendants were at first named, the only parties defendant at the time the case was brought to trial were Marlin Marine Corporation, its workmen's compensation insurer Home Indemnity Company, and Alfred Cenac, Jr.
The testimony reveals that Cenac and some of his friends started building a barn to stable horses. The construction was rather defective; most notably, the pilings leaned. Finally, Cenac, who was president of Marlin Marine, either in his individual capacity or as president of Marlin Marine, hired Claude A. Fonseca, a carpenter, and two of his men, Roger D. Songe and Sidney Bouquet, to finish building the barn. Joists for the ceiling had been nailed in place by the first set of builders. Laid across the joists were cypress planks, which were not nailed down. The weight of the testimony indicates that these planks were put in place by the first set of builders, although the testimony at one place seems to indicate that Fonseca's set of builders put them in place. In any event, while Fonseoa was standing on the platform or scaffold composed of the unnailed planks, he stepped on the loose end of one that did not extend to the next joist. The plank seesawed, and Fonseca fell to the platform, apparently injuring his back. The present suit is based upon this alleged injury.
Appellant Fonseca's brief on appeal appears to be restricted solely to the cause of action in tort. However, we will also consider the cause of action for workmen's compensation benefits.
Plaintiff contends that defendants (whoever are the defendants liable) are held strictly liable for defects in the barn, under the authority of LSA-C.C. art. 2322, which reads as follows:
"The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction."
Strict liability, without the necessity of showing negligence, was found to be imposed upon the owner of a defective structure in Olsen v. Shell Oil Co., 365 So.2d 1285 (La.Sup.Ct. 1979) and Green v. Billa, 86 So.2d 578 (La.App.Orl. 1965).
However, art. 2322 does not apply, and strict liability is not imposed, if a building is in the process of being constructed. In Temple v. Gen. Ins. Co. of America, 306 So.2d 915 (La.App. 1st Cir. 1975), writ refused 310 So.2d 643 (La. 1975), a brickmason's helper employed by a subcontractor who was reconstructing a brick wall on an apartment owned by defendant French Provinces Corporation, which had insurance with defendant insurer, was struck by bricks when the wall collapsed. The Court held that liability under C.C. art. 2322 does not exist if the building is in the process of being constructed or repaired. In the present factual situation, construction of the barn was being completed, and, thus, there can be no strict liability. Nor can there be liability in tort under the theory of negligence, as there is no showing that there was anything negligent about the manner in which the scaffold was laid. It was customary not to nail down the scaffold planks, and, unless the planks were cut in precise lengths to fit the joists, which would in itself be dangerous if the planks were to shift to the side, it was necessary that the ends of the planks extend beyond the end of the last joist. Furthermore, Fonseca was a carpenter, and should have known the dangers of standing on such a scaffold, and assumed the risk.
It next must be determined, as we have found there is no tort liability, whether or not Fonseca is entitled to workmen's *343 compensation benefits. It is not material to our consideration whether Fonseca was employed by Marlin Marine or Cenac, as the barn was being built for Cenac, either in his capacity as president of Marlin Marine or in his individual capacity, to stable horses, which Cenac raised as a hobby. In order for an employee to be entitled to benefits under the workmen's compensation statute, he must be performing "... services arising out of and incidental to his employment in the course of his ... employer's trade, business, or occupation ..." LSA-R.S. 23:1035. Here, neither Cenac nor Marlin Marine was in the business of raising horses. Rather, Cenac raised horses as a hobby. In Doss v. American Ventures, Inc., 261 La. 920, 261 So.2d 615 (1972), a building owner hired a Mr. Gould to paint a building which it was to rent for commercial uses. Mr. Gould, who could be considered a subcontractor (there was no general contractor) employed plaintiff, who was injured in the course of his employment. Plaintiff sought workmen's compensation. The Louisiana Supreme Court held that (as a matter of fact) the building owner was in the construction business, although this was the only building it had ever constructed, as well as in the business of renting, and that plaintiff was injured in the course of defendant's construction business. However, the Court stated that each case rested upon its particular facts, and clearly limited its holding to buildings to be rented or used commercially. As this case is the one most favorable to the awarding of benefits that we can find, and as the building or barn in the present case was not to be rented or used commercially, we hold that workmen's compensation coverage does not apply.
We, therefore, affirm the decision of the lower court. As the matter was appealed in forma pauperis, no costs are assessed to plaintiff.
AFFIRMED.