414 So.2d 850 (1982)
Delores M. TOUSSANT, et al
v.
Anne Ferguson GUICE, et al.
No. 12654.
Court of Appeal of Louisiana, Fourth Circuit.
May 11, 1982.
*851 Lawrence A. Milly, New Orleans, for plaintiffs-appellants.
David M. Packard, Metairie, for defendants-appellees.
Before SCHOTT, LOBRANO and AUGUSTINE, JJ.
AUGUSTINE, Judge.
On February 25, 1979, a fire originated in a house located at 5334 Constance Street and spread to the adjacent residence of John and Delores Toussant, completely destroying both houses.
*852 The Toussants filed this action for damages against the owners of the adjacent property, Jerry and Anne Guice for allowing the fire to spread to their house.
Upon trial of this matter, judgment was rendered in favor of the defendant. The plaintiff now seeks reversal of that judgment claiming, first, that Mr. Guice is strictly liable for the destruction of the Toussant home, under Louisiana Civil Code Article 2317. Alternatively, plaintiff argues that the fire which began on Guice's property was caused by the owner's negligence, and that the damage to his house is remediable under Art. 2315.
We shall address plaintiff's demands in that order.

Strict Liability under Art. 2317
The plaintiff's principal reliance is upon Art. 2317, as interpreted by Loescher v. Parr, 324 So.2d 441 (La.1975). There it was held that:
"When harm results from the conduct or defect of a person or thing which creates an unreasonable risk of harm to others, a person legally responsible under those code articles for the supervision, care, or guardianship of the person or thing may beheld liable for the damage thus caused, despite the fact that no personal negligent act or inattention on the former's part is proved. The liability arises from his legal relationship to the person or thing whose conduct or defect creates an unreasonable risk of injuries to others." Id. at 446.
In the present case, the cause of the fire on defendant's premises could not be determined, according to Fire Inspector Mark Jee, who surveyed the rubble within hours after the event.
Thus unable to name any specific thing within Guice's house as the "defect" which caused the fire, appellant nevertheless seeks to bring this case within Loescher, supra, by asserting that the fire itself was the defect which caused the harm. Plaintiff urges that a house afire is, by that very fact, a defective house.
We disagree. The word "defect", however legally defined, implies an imperfection or deficiency which inheres with relative permanence in a thing as one of its qualities. But the fire which razed defendant Guice's residence was a wholly extraneous force, and thus cannot seriously be regarded as a "quality" of the house itself. It follows that we should not regard the fire as a defect.
Plaintiff has cited no case, nor can any be found, where a property owner has been held strictly liable under Art. 2317 for the spread of fire from his premises to adjacent property, absent proof of a defective thing within the property owner's custody which caused the fire. See Jinks v. McClure, 344 So.2d 675 (La.App. 3rd Cir. 1977); Narcisse v. Fontcuberta, 359 So.2d 1342 (La.App. 4th Cir. 1978).
In those cases where strict liability is applied to property owners for damage to adjacent property, the plaintiff is required to prove more than the mere fact that the fire originated on defendant's premises. He must prove, under Art. 667 of our Civil Code, that the fire was caused by the defendant's use of the premises to conduct an ultrahazardous activity. Charia v. Stanley, 359 So.2d 291 (La.App. 4th Cir. 1978); Morales v. Houston Fire and Casualty, 342 So.2d 1248 (La.App. 4th Cir. 1977).
Plaintiff's theory of recovery, if allowed, would supplant the function of Art. 667 and the jurisprudence interpreting it. Loescher does not go so far as to render Art. 667 superflous in cases involving the spread of fire to adjacent property. Accordingly, we find no liability under Art. 2317, absent proof that a defective thing within Guice's garde caused the fire.

Plaintiff's claim of negligence
Plaintiff alleges, among other things, that defendant Guice was negligent in allowing vandals to go upon his property after workmen left the construction site each evening; that Guice negligently maintained the premises in such a dangerous condition as to constitute a hazard to surrounding *853 property; that Guice failed to maintain proper supervision of those in his employ during the renovation; and that he failed to properly shore up a raised building.
Before discussing the question of defendant's negligence, we will elaborate further as to the relevant facts.
Jerry and Anne Guice were the owners of an early nineteenth century one-story house located at 5334 Constance Street in New Orleans. A number of months before the fire, the Guices began extensive renovation of this building, their intention being to create a two story triplex. To this end, they engaged the services of architect Frank Lopreore to supervise the renovation.
Aside from occasional acts of vandalism to the premises by neighborhood youth, the renovation proceeded smoothly. The house was first moved from its original location on the defendant's lot and placed parallel to plaintiff's so that along its entire length it was within four feet of plaintiff's residence. The Guices' house was then raised to accommodate construction of a new first story underneath the old structure. Throughout these initial phases of construction, the house was supported by shoring timbers and steel "I" beams. A concrete slab was poured at the site in early February, 1979 and frame work was begun shortly afterward. With the completion of the frame, the shoring timbers were removed.
Throughout the entire period of renovation, the architect expanded the routine precautionary practices to include extraordinary measures for the protection of neighboring properties and passageways. Doors and windows were boarded up to prevent or at least to discourage entry by vagrants. Special attention was given to maintaining the site in a "broom-clean" condition. At the end of each working day, laborers removed their tools from the property altogether. Except in the early stages of construction when electricity was borrowed from a neighboring house, the site had no source of electricity whatsoever other than a portable compressor, which was never allowed to remain on the property after working hours. There was no natural gas used on the premises, nor were gas lines even connected to the site. There were no rags, nor paint cans, nor any combustible materials of any kind left on the property. Mr. Lopreore, the architect, visited the project virtually every working day to supervise construction and to be personally assured that the precautionary measures were carried out.
While the Guices' house was in the above-described condition on February 25, 1979, the structure caught fire, enveloping itself and the adjacent Toussant residence in flames which reduced each house to rubble.
As stated earlier, the fire inspector was unable to determine the cause of the fire or even the point of its origin within the defendant's house. Plaintiff's witnesses were similarly unable to explain the cause. Their testimony was, for the most part, limited to a description of the effect of the fire on their own premises.
The plaintiff bears the burden of proving his case by a preponderance of the evidence, either direct or circumstantial. Proof by direct or circumstantial evidence is sufficient to constitute a preponderance of the evidence when, taken as a whole, such proof shows that the fact or causation sought to be proved is more probable than not. Boudreaux v. American Insurance Company, 264 So.2d 621 (La.1972).
In this case, plaintiffs urge that the doctrine of res ipsa loquitur should be applied as a rule of circumstantial evidence. The rule operates so as to infer negligence on the part of a defendant because the facts indicate this to be the more probable cause of injury in the absence of other as-plausible explanations by witnesses found credible. Pilie v. National Food Stores of Louisiana, 245 La. 276, 158 So.2d 162 (1963); Larkin v. State Farm Mutual Auto Ins. Co., 233 La. 544, 97 So.2d 389 (1957). By this principle, where properly applied, the circumstantial evidence indicates that the injury was caused by some negligence on the part of the defendant, without necessarily proving just what negligent act caused the injury. Boudreaux, supra at 636.
*854 Aside from functioning as a rule of circumstantial evidence, the doctrine of res ipsa loquitur has the additional effect of shifting the burden of proof to the defendant to explain the cause in those cases where the facts shown suggest the negligence of the defendant as the most plausible explanation of the accident. King v. King, 253 La. 270, 217 So.2d 395 (1968).
Before the doctrine can come into play, however, the plaintiff must first establish facts such as to warrant the inference that the injury would not have occurred without the defendant's negligence. The initial burden of proof remains with the plaintiff.
The mere occurrence of a fire does not justify the inference of negligence, since fires may occur from many separate and distinct causes. Barber v. Books, etc., Inc., 316 So.2d 154 (La.App. 4th Cir. 1975); Prosser, Law of Torts, 4th Ed., 1971, § 39. Unless plaintiff carries the initial burden of proof by demonstrating through direct or circumstantial evidence that the inference of negligence on the part of defendant is justified, the doctrine cannot be applied.
Application of the principle of res ipsa loquitur is defeated if an inference that the accident was due to a cause other than defendant's negligence could be drawn as reasonably as one that it was due to his negligence. Pilie, supra, 158 So.2d at 165.
In the present case, the uncontradicted evidence establishes that neither the defendants nor any of their agents (the construction workers) were on the premises at all on the day of the fire. The site contained no combustible materials and was kept in an extraordinarily clean condition. There was no gas or electricity connected to the property. By plaintiff's own admission, on the other hand, vandals had entered the premises on at least two occasions. The inference that the fire was accidently or intentionally caused by vandals is at least as reasonable (if not more reasonable) as the inference that it was caused by defendant's negligence. We therefore cannot apply the doctrine of res ipsa loquitur.
Appellant asserts that Keller v. Kelly, 378 So.2d 1006 (La.App. 4th Cir. 1980) should nevertheless govern the outcome of this suit. There it was held that although res ipsa loquitur could not apply (due to plaintiff's failure to carry the initial burden of proof as to cause of the fire) liability could still be imposed upon the defendant landowner for the death by fire of his tenant. Plaintiff relies upon Keller for the principle that where the cause of a fire is unknown, but the plaintiff has proved that the fire was not caused by his own negligence, the defendant landowner must be held liable unless he proves that the fire was not his fault. Plaintiff especially relies on this language:
"Defendant owners, like plaintiff, were unable to establish the cause of the fire. They thus were unable to exculpate themselves and the jury verdict holding them liable was therefore correct." Keller, supra, at 1009.
Keller is inapposite to the present case. There, the extraordinary burden of proof was imposed upon the defendant solely by virtue of the contractual relationship between defendant and plaintiff as lessor and lessee. That relationship carries its own special duties and obligations which do not apply to the relationship between ordinary adjacent landowners. See La.C.C. Arts. 2693-2695.
Having failed to prove a causal defect in defendant's premises under Art. 2317 and having failed to carry the burden of proof as to defendant's negligence under Art. 2315, plaintiffs cannot prevail in this matter.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.