BOWES, Judge.
Aetna Insurance Co. (hereinafter Aetna) and St. Paul Insurance Co. (hereinafter St. Paul) as subrogees of their respective insureds, Mr. and Mrs. James M. Develle, and Conrad Kuebel, appeal from the judgment of the trial court dismissing at their costs this action to recover sums paid to the insureds in settlement of their claims generated by a fire which started in a multiple dwelling townhouse being built by Michael Fritscher, the insured of State Farm Mutual Insurance Co. (hereinafter State Farm).
In the early morning hours of June 13, 1977, a fire of unknown origin broke out at 3236 Delaware Avenue in the triplex townhouse being built by Michael Fritscher. The fire not only destroyed that building, but spread to 3240 Delaware, the residence of the Develles, and 3244 Delaware, the Kuebel residence, doing substantial damage to both structures. At the trial, Officer Robert Krause, a fire inspector for the Ken-ner Fire Department, testified that the cause of the fire was “possible arson.” Officer Krause, who lives only about two hundred feet away from the fire scene, had passed the site about fifteen minutes before the fire was reported and had noticed nothing unusual. He was the first fireman on the scene and testified that upon his arrival the buildings were already “totally involved.”
Next called to the stand was Patty Belch-er, a neighbor who lived on Connecticut Street. Ms. Belcher testified that just after the fire broke out, two men, in a light-colored Volkswagen, stopped in front of her house, took a piece of cardboard out of her garbage, covered their license plate, and, when she called to them, “took off.”
Robert Preveaux of the State Fire Marshall’s office testified that he investigated the fire and that the origin of the fire was highly suspicious and that arson was a possibility.
The fire started in a building which was under construction; there was no electricity or gas within the structure; and no work had been done at the site for approximately forty hours previous to the fire (the fire broke out early on a Monday morning).
The owner of the building, Mr. Fritscher, accompanied by his daughter, had inspected the construction site on Saturday afternoon, and his uncontradicted testimony establishes that there was no flammable substance (including paint) in the building at that time, that the building was broom clean, and that, when he left, the doors and windows were secured.
Appellants contend that the defendant had the burden of proof to exculpate himself from negligence in connection with the origin of the fire and base this- contention on Keller v. Kelly, 378 So.2d 1006 (La.App. 4th Cir.1979). They assign as error the trial court’s failing to so rule.
It is amazing how far afield appellant’s counsel has cast in attempting to expand the liability imposed by the laws and jurisprudence of this state to encompass the damage sustained by their clients.
The Keller case is obviously distinguishable from the case at bar and totally inapplicable. In imposing liability in Keller, supra, the Fourth Circuit held:
Nevertheless the evidence establishes inescapably that the fire was caused either by the fault of the owner (including premises defects under C.C. 2322 [1] and 2695 [2], see also C.C. 670[3]) or by the *1308 fault of the tenants at whose apartments the fire began, and not by the fault of plaintiff’s decedent. Under that proof, our conclusion is that the burden of going forward with the evidence shifts to the owners. Unless the owners show that the fire was not their fault, they must be held liable.... (emphasis added).
Not one shred of evidence was introduced at the trial to show any vice in construction or any negligence on the part of the owners. To the contrary, testimony established that Mr. Fritscher inspected and secured the construction site after work was halted for the weekend. It was also established that there was no gas or electric service in the building and that no flammable material was stored therein. These facts convince this court that it was neither vice in construction nor negligence on the part of the owners which caused the unfortunate fire. Therefore, the burden never shifted to the owners to exculpate themselves from any negligence or fault.
In addition, Keller is also distinguishable from our case as the Keller case involves a landlord-lessee relationship which we do not have here. Accordingly, there was no affirmative duty imposed on Fritscher as there would be if plaintiffs had been invitees or lessees, so article 2695 of the Civil Code never became involved. Moreover, Fonseca v. Marlin Marine Corporation, 385 So.2d 341, 342 (La.App. 1st Cir.1980) points out: “... Art. 2322 does not apply, and strict liability is not imposed, if a building is in the process of being constructed.” Such was the case with 3236 Delaware Avenue on the morning of the fire.
Lastly, we turn to the words of this state’s Supreme Court in Loescher v. Parr, 324 So.2d 441, 1975, Rehearing Denied 1976, where the court states:
Under Louisiana law, founded on articles 670 and 2322, the owner of a building is liable to a neighbor or passerby injured through the fall of his building due either to a vice in its original construction or to his neglect to repair it.... He is absolved from such liability only if the thing owned by him falls, not because of its defect, but rather because of the fault of some third person or of the person injured thereby, or because the fault is caused by an irresistible cause or force not usually foreseeable....
Under the facts of the case (no proven defects) in' construction or neglect to repair), we find the trial court eminently correct in its holding that there was no basis for attaching liability to the appellee, Michael Fritscher.
For the reasons above, we find that the trial court was correct in its dismissal of plaintiffs’ suit and, accordingly, we affirm the trial court’s judgment.
AFFIRMED.

. The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction.

. The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen from the fault of the lessee; and if any loss should result to the lessee from the vices and defects,

.See note 3 on page 1308. *1308 the lessor shall be bound to indemnify him for the same.
3. Everyone is bound to keep his buildings in repair, so that neither their fall, nor that of any part of the materials composing them, may injure the neighbors or passengers [passersby], under the penalty of all losses and damages, which may result from the neglect of the owner in that respect.