GUIDRY, Judge.
Jules Carriere brought this suit for damages as a result of a fire on November 12, 1979, in a building owned by him. The suit was instituted against Thomas Olivier, the lessee of the premises in question and State Farm Fire and Casualty Company (hereafter State Farm), Olivier’s insurer. The trial judge rendered judgment in favor of plaintiff and against defendants in the amount of $20,737.29, concluding that the facts of the case warranted the application of res ipsa loquitur. In his written reasons for judgment, the trial judge also suggested that a finding of liability was required under the rationale announced in Keller v. Kelly, 378 So.2d 1006 (La.App. 4th Cir.1980), writ denied, 380 So.2d 624. The defendants appeal seeking dismissal of the suit and plaintiff answers the appeal seeking additional damages for mental anguish.
The issues presented on appeal are: (1) whether the plaintiff carried his burden of proving negligence on the part of Olivier, or whether the burden shifted to the defendants by application of either res ipsa loqui-tur or the rule of law enunciated in Keller v. Kelley, supra; (2) whether the defendant is contractually bound under the lease for damages caused by the fire; and, (3) whether the trial judge erred in failing to award damages for mental anguish.
FACTS
At the time of the fire the building, owned by Jules Carriere, was leased to Thomas Olivier who used it as a business to sell spare tractor parts. The building was a large metal structure with two small adjacent areas, and was constructed of metal, steel, and concrete. The building was divided into three parts: an office area used by the appellant; a storage area where the appellant kept spare tractor parts and a small amount of fuel; and, a service area where the appellant served his customers. The office area was furnished with a desk and chair, a couch, and a stuffed armchair.
The expert witnesses testified as to their inability to ascribe any particular cause of the fire. However, they were able to eliminate two possibilities: (1) that the fire started as a result of an electrical malfunction or wiring defect; and, (2) that the fire originated as a result of any combustibles kept in the storage room. The evidence did reflect that the origin of the fire was in or around the stuffed armchair in the office area.
The appellant testified that during the day of the fire he was visited by a Mr. Faul at approximately 2:00 P.M. Mr. Faul stayed for only a short period but while he was there, he sat in the armchair and smoked at least one cigarette. No one else visited the appellant in his office. The appellant also smoked that day, but he smoked at his desk and he did not sit in the armchair or couch. The appellant closed his business between 4:30 P.M. and 5:00 P.M. The fire was noticed several hours later.
PROOF OF NEGLIGENCE
There is no direct evidence in the record tending to show that the fire was caused by any negligence on the part of Olivier. The plaintiff argues however, and the trial judge found, that the burden shifted to the defendants because the circumstances warrant the application of either the doctrine of res ipsa loquitur or the rule of law enunciated in Keller v. Kelly, supra. The plaintiff also contends, alternatively, that they have established Olivier’s negligence by circumstantial evidence. In Narcisse v. Fontcuberto, 359 So.2d 1342 (La. App. 4th Cir.1978), the court stated:
“The doctrine of res ipsa loquitur applies only (1) where the defendant had exclusive control over the area, (2) where the cause of the accident which resulted in damage is more properly within the knowledge of defendant, and (3) where all the facts and circumstances indicate that the negligence of the defendant, rather than the negligence of others, is the most likely cause of the accident. Boudreaux v. American Insurance Company, 262 La. 721, 264 So.2d 621 (1972); *1091 Nero v. Ideco, 255 So.2d 128 (La.App. 3rd Cir.1971), writ refused, 260 La. 125, 255 So.2d 352.”
In Larkin v. State Farm Mutual Automobile Ins. Co., 233 La. 544, 97 So.2d 389 (1957), recognized as a landmark case in this state on the subject or res ipsa loquitur, the Supreme Court stated:
“.... It is generally conceded that res ipsa loquitur in no way modifies the rule that negligence will not be presumed. The application of the rule does not, therefore, dispense with the necessity that the plaintiff prove negligence, but is simply a step in the process of such proof, permitting the plaintiff, in a proper case, to place in the scales, along with proof of the accident and enough of the attending circumstances to invoke the rule, an inference of negligence, thereby obtaining an advantage and placing on the defendant the burden of going forward with proof to offset that advantage. When all the evidence is in, the question is still whether the preponderance is with the plaintiff. All that is meant by res ipsa loquitur is ‘that the circumstances involved in or connected with an accident are of such an unusual character as to justify, in the absence of other evidence bearing on the subject, the inference that the accident was due to the negligence of the one having control of the thing which caused the injury. This inference is not drawn merely because the thing speaks for itself, but because all of the circumstances surrounding the accident are of such a character that, unless an explanation can be given, the only fair and reasonable conclusion is that the accident was due to some omission of the defendant’s duty.’4” (footnote omitted) 97 So.2d at page 391.
Furthermore, “it is only where the circumstances leave no room for a different presumption that the rule applies. When it is shown that the accident might have happened as a result of one or two causes, the reasons for the rule fail and it can not be invoked.” Morales v. Employers’ Liability Assur. Corp., 202 La. 755, 769, 12 So.2d 804, 808 (La.1943).
In the instant case, there is proof of the fire and proof that at the time of loss defendant, Olivier, had control of the premises but, in our view, the record is devoid of attendant factual circumstances sufficient from which to draw an inference of negligence on the part of the defendant, Olivier. The experts who testified were in agreement that the fire started in or around the stuffed armchair. They were unable to state that the fire actually started in the armchair because it was totally destroyed. The only attending circumstance involving Mr. Olivier is the fact that he smoked in the office area on the day in question. We do not consider this single fact an attending circumstance sufficient to give rise to an inference of negligence on his part. Although defendant smoked in the office area, he smoked only at his desk and did not sit in the armchair. On the other hand, Mr. Faul, on his visit to the premises, did smoke and did occupy the armchair. If the fire did originate in the armchair, as suggested by plaintiff’s expert, it is equally, if not more, plausible to conclude that the fire originated as a result of some negligent conduct on the part of Mr. Faul, for which the defendant, Olivier, cannot be held responsible. We therefore conclude that the trial judge clearly erred in finding that the circumstances of this case warrant the application of res ipsa loquitur.
The trial court also relied on the rule of law enunciated in Keller v. Kelly, supra, in shifting the burden of proof to the defendants. In his written reasons for judgment he stated:
“... [T]he Court would find under Keller, that the evidence establishes that the fire was not caused by the fault of the owner, lessor. And that ‘... under that proof, the burden of going forward with the evidence shifts to the owners. Unless the owners show that the fire was not their fault, they must be held liable.... ’ Keller v. Kelly, supra.
In the present case, the defendants did not show that the fire was not their fault and therefore the defendants did not *1092 meet the burden of proof necessary to exculpate themselves when the burden of going forward with the evidence shifted to the defendants. Consequently, whether res ipsa loquitur — with the plaintiff’s burden of proof being that the plaintiff show sufficient circumstances, raising inferences of defendant’s negligent causation, so as to outweigh other possible explanations — is used; or even if res ipsa loquitur was not applicable and the test in Keller was used — which shifts the burden of going forward with the evidence to the defendant — the plaintiff in our case would prevail nevertheless.”
Keller, supra, involved an apartment fire of which the origin was unknown, but it was not reasonably attributable to the plaintiff’s deceased. The court held:
“Nevertheless the evidence establishes inescapably that the fire was caused either by fault of the owners (including premises defects under C.C. 23222 and 26953; see also C.C. 670 4) or by the fault of the tenants at whose apartments the fire began, and not by the fault of plaintiff’s decedent. Under that proof, our conclusion is that the burden of going forward with the evidence shifts to the owners. Unless the owners show that the fire was not their fault, they must be held liable. The innocent tenant’s position is not unlike that of the slip-and-fall victim in a self-service store, and the owner’s is not unlike that of the store owner: the victim often cannot by other standards prove the owner’s fault, but his evidence proves that either the owner is at fault (in either putting or allowing the substance to remain on the floor) or a customer is, and, the burden then shifts to the owner to exculpate himself; Gonzales v. Winn-Dixie La. Inc., La.1976, 326 So.2d 486; Kavlich v. Kramer, La.1975, 315 So.2d 282.
Defendant owners, like plaintiff, were unable to establish the cause of the fire. They thus were unable to exculpate themselves and the jury verdict holding them (and their insurer) liable was therefore correct.”
Without commenting on the correctness of the Keller rationale, we find that Keller is not applicable to the present case. The application of Keller is limited to the circumstances involved therein. In Keller, the burden of proof was imposed upon the defendant solely by virtue of the contractual relationship set forth in LSA-C.C. Art. 2695. This relationship carries its own duties and obligations which do not apply where the lessor is trying to shift the burden of proof to the lessee for loss caused by a fire. Toussant v. Guice, 414 So.2d 850 (La.App. 4th Cir.1982).
We therefore conclude that the burden of proof did not shift to the defendants by application of either res ipsa loquitur or the rule of law enunciated in Keller. For the same reasons, it is obvious that the plaintiff has not carried his burden of proving negligence on the part of Olivier by circumstantial evidence.
In Blanchard v. Sotile, 394 So.2d 633 (La.App. 1st Cir.1980), the owner of a leased building used as a restaurant, brought an action against his lessee for damages caused to the building by a fire. The experts were unable to determine the specific cause of the fire. The First Circuit reversed the trial court, concluding that the plaintiff had failed to prove by a preponderance of the evidence that the defendant’s negligence caused the fire. The court correctly set forth the rule for proof by circumstantial evidence as follows:
“The general rule is that negligence is not presumed, and the burden of proving negligence by a preponderance of the evidence rests on the party alleging it. The proof of negligence may be by direct or circumstantial evidence; however, a party relying upon circumstantial evidence has borne his burden of proof only if the evidence taken as a whole shows that the defendant’s fault was the most plausible cause of the fire and no other factor can as reasonably be ascribed as the cause. The probability of the fire having been caused by the defendant's fault must preponderate over the probability of causation from any other factor. Myers v. *1093 Morrow, 367 So.2d 1297 (La.App. 4 Cir. 1979); Romero v. Butcher Air Conditioning Company, 255 So.2d 132 (La.App. 3 Cir.1971).
As the Court stated in Morales v. Houston Fire and Casualty Company, Inc., 342 So.2d 1248, 1250 (La.App.4 Cir.1977), writ denied, 345 So.2d 49 (La.1977):
‘Although the circumstances surrounding the occurrence of a fire may give rise to an inference that a particular defendant was negligent, that negligence is not presumed from the mere happening of the fire, because there can be many causes of fires. The determination of preponderance depends on whether the evidence taken as a whole shows that the particular defendant’s negligence was the most plausible or likely cause of the fire.’ .... It is only by showing sufficient circumstances, raising inferences of defendant’s negligent causation to outweigh other reasonable explanations, that a plaintiff bears his burden of proof in a fire loss.”
We conclude that Carriere has failed to prove by a preponderance of the evidence that Olivier’s negligence caused the fire and resulting damage.
LEASE AGREEMENT
The trial court denied the appellee’s claim for damages based upon the lease agreement between the parties. It correctly stated:
“As to the contractual claim, the portion of the lease which the plaintiff relies upon, obligates the lessee to obtain liability insurance ‘insuring the herein let premises’ and ‘to hold lessor harmless from any loss or injury to any one’s person or property’. Considering the lease agreement as a whole, the Court interprets this clause to mean that the lessor was attempting to protect himself from claims of third persons; not that the lessee was contracting to pay the lessor for fire damage suffered to the lessor’s property. Consequently, the plaintiff’s claim for damages caused by the fire, based upon the written lease agreement between the parties, is denied.”
We find, as did the trial court, that the purpose of the insurance was to protect the lessor from claims brought by third parties.
Having concluded that defendants are not liable to plaintiff for any damage resulting from the fire, we do not reach the question of damages.
For the above and foregoing reasons, we reverse the judgment of the trial judge and dismiss plaintiff’s demand against the defendants. The plaintiff is cast for all costs at the trial level and on appeal.
REVERSED AND RENDERED.