514 So.2d 617 (1987)
Willie W. ZANDERS, et al.
v.
Judy LAMBERT, et al.
William C. WOMACK
v.
Judy LAMBERT, et al.
Nos. CA-7248, CA-7249.
Court of Appeal of Louisiana, Fourth Circuit.
October 7, 1987.
Writ Denied December 11, 1987.
Lawrence J. Duplass, New Orleans, for defendants-appellees.
John B. Perry, New Orleans, for plaintiffs-appellants.
Before GULOTTA, C.J., and GARRISON and WARD, JJ.
WARD, Judge.
On February 19, 1985, a fire destroyed a rented two story residential apartment building in New Orleans at 2715 S. Saratoga Street, killing the tenants in one of the second floor apartments, Jeanette Zanders and her son, Wayne Zanders. The fire was the result of arson, and the Orleans Parish Coroner classified the deaths as homicide. Despite an investigation by the District Attorney's Office, the arsonist remains unknown.
The arsonist set fire at two separate places on ground level after pouring flammable fluid in a line parallel to the side of the building. The entire side of the building, upstairs and ground level, was quickly engulfed in flames. The bodies of Ms. Zanders and her son were found in the bathroom of their apartment. Exit from the apartment was by means of two doors opening to an outside balcony which ran along the side of the building. There was an enclosed stairway at one end of the balcony.
*618 Willie W. and Tommie Ann Zanders, Jeanette's parents, brought a wrongful death and survival action against the owners/lessors of the building, Mr. and Mrs. G. Wayne Berry and Mrs. and Mr. Edsel T. Jones, and their insurer, Aetna Casualty and Surety Company. This suit was consolidated with a similar action brought against the owners/lessors by William C. Womack, who claims to be the natural father of Wayne Zanders.
After the jury found that there was no defect in the building and that the owners/lessors were not negligent, the Trial Judge rendered judgment in favor of all defendants, dismissing the suits brought by the Zanders and Womack. The Zanders' request for a Judgment Notwithstanding the Verdict was denied. The Zanderses and Womack appeal, assigning error in the jury's findings and in the Trial Judge's refusal to allow them to use and introduce into evidence the Life Safety Code of the National Fire Protection Association.
At trial, plaintiffs called two expert witnesses, an architect and a safety consultant. Both testified that the defendants' building was dangerous because it had only one stairway accessible from Jeanette Zanders's apartment. On cross-examination, however, both admitted that assuming an arsonist set the fire in multiple places using combustible fluid, a second stairway would not have provided a means of escape from the apartment to ground level.
In connection with the testimony of their experts, plaintiffs attempted to introduce the Life Safety Code into evidence. This Code, plaintiffs claim, requires buildings to have two means of escape to ground level. The Code provisions cited by plaintiffs in their brief, however, do not make this requirement clear.
In any event, the Trial Judge did not admit the Code into evidence because he found that the Code did not apply to defendants' apartment building. It was undisputed that the building was constructed in the 1920's. La.R.S. 40:1578.6, enacted in 1974, provides in part:
A. Adequate protection for life safety shall be afforded in every structure or movable ... To afford such protection, all newly constructed structures and movables shall comply with the rules and regulations to be promulgated by the fire marshal in conformity with the Administrative Procedure Act which shall establish as minimum standards the provisions of the Life Safety Code of the National Fire Protection Association ... and the fire marshal shall be the authority having jurisdiction to enforce compliance with such regulations. The effective date for enforcement shall be one hundred eighty days after adoption and promulgation under the Administrative Procedure Act.

* * * * * *
C. The Act shall not apply to existing buildings which were lawfully constructed and maintained unless the fire marshal deems that a serious life hazard exists due to a particular condition, at which time he can require the institution of proper fire protection measures to alleviate the particular hazards noted according to the 1967 edition of the N.F. P.A. Life Safety Code. [Footnote omitted]
We read this statute, as did the Trial Judge, to exclude existing buildings such as the one that burned in this case from compliance with the Code. Under the statute, plaintiffs could have presented evidence, if such evidence existed, of a determination by the fire marshal that the building presented a serious life hazard or that the building was not lawfully constructed or maintained. Because no such evidence was presented, defendants would have been prejudiced had the jury heard testimony on the Life Safety Code which specifies standards not applicable to their building.
Plaintiffs assert that they sought to have the Code introduced into evidence merely to show an industry standard because the Code had been in existence for many years. We find this argument unconvincing because although the Code may indeed represent an industry standard, La.R.S. 40:1578.6 specifically excludes the application *619 of that standard to the building at issue.
Plaintiffs also argue that awareness of the Code would have enabled the jurors to properly analyze liability. This argument is also without merit because plaintiffs' own experts were freely able to testify that the building was dangerous, even without the Code.
Finally, plaintiffs contend that the Life Safety Code applies to the building at issue under this Court's decision in Broome v. Gauthier, 443 So.2d 1127 (La.App. 4th Cir.), writ denied 445 So.2d 449 (La.1984), in which a violation of the Code was found to constitute "a vice, defect or negligence." 443 So.2d at 1136. We reject this contention because in the Broome case applicability of the Code was not disputed. In Broome, the Code was cited by the plaintiffs, both at trial and on appeal, as evidence of a minimum safety standard. The defendants did not argue against the Code's applicability but contended only that their building met the standards of the Code. Hence, this Court's use of the Code in Broome cannot be read as a holding arising from a litigated issue, but merely as the application of a standard which the parties, in essence, agreed was applicable.
Plaintiffs attempt to convince us that common sense dictates that if the building in question were equipped with two separate stairways, then the decedents would not have died in the fire. We find, however, that this is not a relevant inquiry because the fire was caused by an act of arson. The arsonist intended to set fire to an entire side of the apartment building, including stairways. It could reasonably be concluded that if there had been a second stairway, the arsonist would have set fire to that means of escape also.
For these reasons, we do not believe the Trial Judge erred in denying plaintiffs the use of the Life Safety Code. Thus, we affirm the Judge's decision in this regard.
The plaintiffs' second assignment of error is directed at the jury's failure to find the building defective because it did not have a second stairway accessible from the decedents' apartment. Building owners or lessors are strictly liable under La.C.C. arts. 2322 and 2695 for defects. Furthermore, in Keller v. Kelly, 378 So.2d 1006 (La.App. 4th Cir.1979), writ denied, 380 So.2d 624 (La.1980), this Court held that a showing that a fire began outside an apartment occupied by plaintiffs or those on whose behalf plaintiffs are suing places the burden upon the building owner to exculpate himself from liability. Plaintiffs therefore assert that defendants did not exculpate themselves from liability for the damages caused by the allegedly defective building.
We find that the jury acted within its discretion as trier of fact in finding that there was no defect, that is, that no particular condition of defendants' building created an unreasonable risk of injury to persons using ordinary care. This conclusion is amply supported by the record. An arson expert testified that the fire was set on ground level at two separate points, moved rapidly aided by flammable fluid, and engulfed the entire side of the apartment building including all exits from the apartment. Overall, the experts agreed that a fire caused by arson could have effectively eliminated any and all possible means of escape from the apartment. Therefore, an additional stairway from the balcony to ground level would have been useless. Accordingly, we find that the defendants have exculpated themselves from liability and that the record amply supports the jury's finding of no defect.
Plaintiffs' third assignment of error is directed at the jury's failure to find that defendants were negligent. Plaintiffs attempt to apply Louisiana's duty/risk analysis, claiming that the deaths were caused by the existence of only one accessible stairway and defendants had a duty, found in the Life Safety Code, to protect second floor tenants from the risk of death by fire. The plaintiffs contend the defendants breached this duty. We are not convinced by this analysis under the facts of this case. First, the cause of the fire and resulting deaths was arson, not the lack of a second stairway. Second, the source of the duty urged by plaintiffs is a standard *620 which does not apply to the defendants' building. Thus, plaintiffs have not proved, to the satisfaction of the jury nor to us, that defendants breached any duty owed to the decedents or to the plaintiffs. The jury's failure to find defendants negligent is not manifestly erroneous.
Accordingly, we affirm the Trial Judge's decision to exclude reference to the Life Safety Code, and we affirm the jury verdict finding no defect or negligence. Therefore, we do not reach the issues of order of death, paternity or quantum. Costs of this appeal to be assessed one-half to plaintiffs, Willie and Tommie Ann Zanders and one-half to plaintiff, William C. Womack.
AFFIRMED.