KLEES, Judge.
Defendant, State Farm Fire & Casualty Company, appeals the trial court’s judgment awarding plaintiff damages for an eye injury he received when a rope he was using broke. The rope belonged to defendant’s insured, and at the time of his injury, plaintiff was using it while trimming a branch from a large tree in the backyard of defendant’s insured. The trial court found defendant strictly liable for plaintiff’s injury. After reviewing the record, we find no basis for strict liability; however, we do find that the negligence of defendant’s insured was a cause of plaintiff’s injury.
On January 11, 1985, plaintiff Barry Schexnaider and two of his friends, Tony Polisi and Orville Thorning, arrived at the home of another friend, Herbert Cooper, to assist Mr. Cooper in cutting down part of a large hackberry tree which Cooper felt was creating too much shade in his yard. Polisi had volunteered to help Cooper with this task, as had the other two men. None had any special expertise in cutting down trees.
After one branch fell on the fence between Copper’s yard and his neighbor’s yard, the men decided to use a rope to guide each severed branch as it fell. Cooper provided a nylon rope for this purpose. Schexnaider was positioned in the tree, where he would tie the rope to a branch and then cut the branch. The other three men were on the ground holding the other end of the rope to maintain tension on it and guide the limb as it fell. They *225 trimmed several branches successfully using this method. Then, Schexnaider tied the rope to a certain limb and severed the limb, at which point the rope snapped and grazed his left eye.
Plaintiff suffered a sphincter tear in his eye, which was treated by ophthalmologists for several months. Although his vision has not been damaged, plaintiff does have a permanently dilated pupil which causes his left eye to be more sensitive to light.
Plaintiff sued Herbert Cooper and his homeowner’s liability insurer, State Farm, claiming that Cooper’s negligence was responsible for his injury. The case was tried on February 8, 1988, in the district court. The trial judge found that the defendants were strictly liable for plaintiff’s injuries because Cooper “owned the rope used by plaintiff and the failure of the rope was the cause of plaintiff's injury.” The court awarded plaintiff $25,000 in general damages plus medical expenses. State Farm has appealed on the grounds that strict liability is inapplicable because the rope was not shown to be defective and, in the alternative, that the damages were awarded are excessive.
After reviewing the testimony, we find that the trial judge erred in applying strict liability in the instant case. To recover under Civil Code article 2317, the plaintiff must show more than that the thing which caused the injury was in the care or custody of the defendant; he must also show that the thing contained a vice or defect and that this defect was a legal cause of plaintiff’s injury. See Goudchaux v. State Farm Fire & Casualty Co., 407 So.2d 1317, 1320 (La.App. 3d Cir.1981), writ den., 412 So.2d 1114 (La.1982). For purposes of strict liability, a defect is a flaw, imperfection or deficiency which inheres with relative permanence in a thing as one of its qualities. Toussant v. Guice, 414 So.2d 850, 852 (La.App. 4th Cir.1982). The vice or defect must be one which creates an unreasonable risk of injury to another. Goudchaux, supra, at 1320.
In the instant case, there is absolutely no evidence of a defect in the rope. The plaintiff himself testified that the rope looked new, fresh and unused; it was not frayed, wet or discolored. This testimony was confirmed by Mr. Polisi, who noticed no apparent defects in the rope. Defendant Cooper also stated that the rope was new.
Because the record contains no evidence that the rope was defective, the trial judge was clearly wrong to hold the defendant strictly liable. The mere fact that the rope failed does not make it defective under article 2317. In finding strict liability, the trial judge relied upon Ross v. La Coste de Monterville, 502 So.2d 1026 (La.1987), in which the Supreme Court held that the owner of a ladder gratuitously lent to the plaintiff was strictly liable when the ladder failed and injured the plaintiff, even though the owner did not know that the ladder was defective.. Ross is clearly distinguishable from the instant case because in Ross there was no question that the ladder was defective — the evidence showed that a steel rivet had gradually worn an outsized hole in the softer aluminum of the ladder, allowing the rivet to slip through and cause the ladder to collapse. 502 So.2d at 1028. The issue in Ross was not whether the ladder was defective, but whether a person who gratuitously lends a defective thing to another continues to have custody of the thing for purposes of article 2317. Ross does not support the imposition of strict liability in a case such as the instant one, where there was never any defect proven to exist in the thing, either before or after the accident. Cf. Ducote v. State Farm Fire & Casualty Ins. Co., 488 So.2d 385 (La.App. 3d Cir.1986), writ den., 493 So.2d 637 (La.1986). In the absence of such proof, we conclude that the trial judge committed manifest error by finding the defendant strictly liable.
In defending this appeal, plaintiff has argued that if the trial court’s finding of strict liability is reversed, the judgment may nevertheless be upheld on the basis that defendant Cooper was negligent in furnishing a rope not properly suited to the job. Conversely, State Farm argues that this issue is not before the court because plaintiff has not appealed the trial court’s *226 finding of no negligence on the part of defendant.
State Farm’s argument is without merit. The trial court did not make a finding of no negligence; the judgment is silent as to negligence. As the plaintiff claimed negligence in his petition, it is appropriate for this court to consider whether the record supports a finding of negligence on the part of defendant Cooper.
Our review of the evidence reveals that Mr. Cooper was guilty of negligence that caused the accident. He testified that the rope he furnished for the tree-cutting operation was a ⅜” diameter nylon rope that his father had given him to use on his boat. He took the rope from his garage. He apparently never stopped to consider whether that type of rope was strong enough to support the weight of the tree limbs being cut.
The only reasonable inference from the evidence presented is that the rope broke because it was too weak for the use to which it was put. In this regard, Mr. Cooper’s negligence in providing an inadequate rope was a legal cause of the accident. However, it was not the only cause. Plaintiff acquiesced in the use of that particular rope. Although ■ no one person was in charge, plaintiff was the one in the tree who decided which limb to cut and where to tie the rope. Under the circumstances, we find plaintiff’s negligence to be equal to that of Mr. Cooper in causing the accident. Because plaintiff was 50% at fault in causing his own injury, his recovery must be reduced by that amount.
Finally, defendant argues that the $25,000 in general damages awarded plaintiff was excessive in view of the medical evidence presented at trial. A damage award cannot be altered on appeal unless it is a clear abuse of the trial judge’s discretion. Reck v. Stevens, 373 So.2d 498, 501 (La.1979). In the instant case, besides plaintiff’s pain and his inability to work for approximately six weeks, he was left with a permanently dilated left pupil, causing him to be especially sensitive to light. Moreover, his treating physician believes plaintiff to have an increased chance of developing glaucoma due to the elevated intraocular pressure in his left eye, thus necessitating that his eyes be checked by an ophthalmologist every six months for the rest of his life. In view of this evidence, we do not find that the trial judge abused his discretion in awarding damages. We therefore decline to reduce the award.
Accordingly, for the reasons given, the judgment of the trial court is modified to provide that plaintiff's recovery be reduced by 50% to reflect the degree of plaintiff’s own fault in causing his injury. In all other respects, the judgment is affirmed.
MODIFIED AND AFFIRMED.