359 So.2d 291 (1978)
S. J. CHARIA, d/b/a S. J. Charia & Company and Hartford Fire Insurance Co.
v.
Russell L. STANLEY, Oscar Foland, Jewel Aigner Wainwright, Maurice Arnod Granet, Maria K. Granet, Henry L. Granet, Nicole S. Friedlander and Mau Mar, Inc. and Carrollton Lumber & Wrecking Co., Inc., its agents, et al.
No. 9001.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1978.
Rehearing Denied June 13, 1978.
*292 Hammett, Leak, Hammett, Hulse & Nelson, John I. Hulse, IV, and Bienvenu, Foster, Ryan & O'Bannon, Leonard A. Young,
Darryl J. Foster, New Orleans, for plaintiffs-appellants.
Porteous, Toledano, Hainkel & Johnson, William A. Porteous, III, A. J. Justrabo, New Orleans, for defendant-appellee.
Before GULOTTA, BEER and GARSAUD, JJ.
BEER, Judge.
On October 13, 1970, a fire at the Silver Dollar Hotel caused extensive damage to that property, as well as smoke and water damage to the adjoining premises of S. J. Charia & Company (hereafter, "Charia"), whose insurer, Hartford Fire Insurance Company (hereafter, "Hartford"), paid $29,420.68. Since Charia allegedly suffered additional (uninsured) losses amounting to $9,357.88, both Charia and Hartford (as subrogee) sued Mrs. Jewel Wainwright, the lessee and manager of the Silver Dollar, desk clerk Russell Stanley (who was never served), and Mau Mar, Inc., the corporate owner of the building, as well as Mau Mar's directors and officers.
Commissioner Holahan recommended a finding that the fire was caused by the negligence of Stanley and Mrs. Wainwright, and further recommended that Mau Mar, Inc. be found liable by application of La. Civ.Code art. 667.
District Judge Fedoroff agreed with the Commissioner on the issue of negligence, but determined that the owner was not liable, citing Chaney v. Travelers Insurance Company, 259 La. 1, 249 So.2d 181 (La. 1971). Accordingly, judgment was rendered in favor of Hartford and Charia against Wainwright, but the claims against Mau Mar, Inc., et al., were dismissed.
Appellants Hartford and Charia here contend that the trial court erred in failing to follow the recommendations of the Commissioner; in failing to find liability on the part of the adjoining land owner for damage caused by his use and ownership of the property; and in failing to award Charia damages for alleged loss of income which was stipulated to be in the amount of $1,900.00, as well as for certain costs of shipment of items destroyed in the fire.
*293 There is scant evidence to support the allegation that fire retardant treatment of mattresses used at the Silver Dollar did not comply with the provisions of La.R.S. 40:1610. Fire inspector John Lindner gave no reasons for his opinion that the mattresses were not treated in compliance with the statute. The trial court did not err in implicitly concluding that plaintiffs had not made a case under this theory. Even if such proof had been sufficient, application of the statute would not, in our view, mandate a finding of liability on the part of the owner of the building under the circumstances here existent.
Concerning the failure to apply La. Civ.Code art. 667, appellants contend that the frequent previous occurrence of mattress fires at the Silver Dollar constituted, then and there, an inherent danger in the owner's use of property. Over objection of defense counsel, the trial court admitted evidence of previous mattress fires which appellants here contend constituted notification to Mau Mar, Inc. of the obvious hazard to neighboring property. However, the record supports the conclusion that only one fire code violation notice was ever issued to the owner. It required only the removal of a sleeping room located in the staircase area. This was done. All other notifications (however many there were) went to Mr. Wainwright, who ran the hotel until his death in 1967. After that, they were sent to his wife, Mrs. Wainwright.
On the basis of the evidence in this record, we must concur in the trial judge's finding that no negligence has been proven on the part of the owner of the building.
Application of Article 667 does not, however, require negligence on the part of the owner in order for liability to exist in certain instances.
In Hero Lands v. Texaco, 310 So.2d 93, 97 (La.1975), the Supreme Court discussed the applicability of Article 667 as follows:
"The article expresses, as this Court has often stated, a doctrine of strict liability which does not depend upon deliction. Craig v. Montelepre Realty Co., supra; Gotreaux v. Gary, 232 La. 373, 94 So.2d 293 (1957); Fontenot v. Magnolia Petroleum Co., 227 La. 866, 80 So.2d 845 (1955); Devoke v. Yazoo & M. V. R. Co., 211 La. 729, 30 So.2d 816 (1947).
It does not follow, however, that Article 667 is the only basis upon which neighbors may seek redress for damages caused by proprietors in the vicinity. Article 2315 may also serve as a basis for recovery under appropriate circumstances. But when this authority is relied upon, fault must be proven. Article 2315 contemplates responsibility founded on fault, namely, negligence or intentional misconduct, including abuse of rights. The notion of fault in this context is conduct which violates the standard of reasonableness in the community, an act that a careful and prudent person would not undertake. By contrast, recovery under Article 667 may be granted despite the reasonableness and prudence of the proprietor's conduct, when the work he erects on his estate causes damage to his neighbor. Lombard v. Sewerage & Water Board, 284 So.2d 905 (La.1973). (Emphasis ours.)"
The paragraph which describes the applicability of Article 667 makes it clear that Article 667 recovery is dependent on grounds distinct from negligence, namely, the performance of some act which is inherently dangerous to a neighbor despite the manner (negligent or nonnegligent) in which it is carried out. Thus, when the damage to neighboring property is shown to result from the negligent omission or commission of an act, absent proof that that act, conducted properly, is inherently dangerous to the neighbor, application of Article 667 as an additional basis for recovery is not warranted.
The jurisprudence supports this conclusion. In many cases applying Article 667, the damage-producing activity has been one which, conducted in a normal and careful manner, nevertheless resulted in damage, thereby earning such activity the appellation "ultrahazardous activity." See, e. g., Hero Lands v. Texaco, supra; Lombard v. Sewerage & Water Board, 284 So.2d 905 *294 (La.1973); Langlois v. Allied Chemical Corp., 258 La. 1067, 249 So.2d 133 (1971); Fontenot v. Magnolia Petroleum Co., La. 866, 80 So.2d 845 (1955); Burke v. Besthoff Realty Co., 196 So.2d 293 (La.App. 4th Cir. 1967); Daigle v. Continental Oil Company, 277 F.Supp. 875 (W.D.La.1967).
Unlike the cases cited above, the instant case does not present a situation involving damage from an ultrahazardous activity. Although the trial judge agreed with the Commissioner's finding that Wainwright and Stanley's Article 2315 negligence was the direct proximate cause of the fire, any finding of Article 667 liability on the part of Mau Mar, Inc., et al., required an additional finding to the effect that the operation of a so-called third-rate hotel with some previous history of mattress fires constituted, on that basis, an ultrahazardous activity causative on its own of the damage. We are of the view that the trial judge's rejection of this critical contention is supported by the record and is not manifestly erroneous.
The apparent bankruptcy of Mrs. Wainwright, coupled with the rejection of appellants' claim against Mau Mar, Inc., et al., essentially moots the damage award. However, Charia is, on the face of the record, clearly entitled to the stipulated amount of $1,900.00 covering lost income, and the judgment must be amended to that extent. Accordingly, the judgment of the Civil District Court for the Parish of Orleans is amended to increase the award in favor of Charia and against Wainwright by $1,900.00. As amended, the judgment is, in all other respects, affirmed.
AMENDED AND AFFIRMED.