405 So.2d 610 (1981)
Marvin CORMIER, et al., Plaintiffs-Appellees,
v.
FOREMOST INSURANCE COMPANY, Defendant-Appellant.
No. 8374.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1981.
*611 Franklin, Moore & Walsh by Albert Dale Clary, Terrence C. McRea and Richard T. Reed, Baton Rouge, for plaintiffs-appellees.
Mouton, Roy, Carmouch, Bivens & Kraft, Ralph E. Kraft, Lafayette, for defendant-appellant.
Before CULPEPPER, DOMENGEAUX and DOUCET, JJ.
DOUCET, Judge.
This suit was originally filed by Marvin Cormier and Louisiana National Bank against Foremost Insurance Company to recover damages sustained as a result of a fire in a motor home owned by Cormier. Foremost, as insurer of the motor home, brought a third party action against Midas International, seeking indemnification on the basis that the fire resulted from a defect in the motor home which was manufactured by Midas. Settlement was reached on the primary demand and Foremost maintained its suit to recover the amount paid its insured from Midas. The trial court held that Foremost failed to establish, by a preponderance of evidence, the origin of fire was attributable to Midas. From that adverse ruling Foremost appeals.
There are two issues before this court: 1) whether the trial court applied the proper burden of proof, and 2) whether Foremost proved its case by a preponderance of evidence.
The evidence shows the fire occurred in December of 1977 when Mr. and Mrs. Cormier were traveling in the recreational vehicle on the highway. The interior of the motor home was dark and it was not until Mrs. Cormier smelled smoke that they were alerted as to the existence of the fire. The vehicle was immediately stopped, nonetheless extensive damage occurred before the conflagration could be extinguished. The evidence indicates that the fire originated in a cabinet near the gas filler cap and the only item stored therein were some Christmas lights. The Cormiers did not smoke and no flammable materials were kept within the recreational vehicle.
Extensive testimony was heard by the trial court concerning the cause of the fire, much of which testimony was conflicting. Mr. Harold Myers was tendered by Foremost as a fire reconstruction expert, and so accepted by the court. He had personally investigated the motor home to determine the cause of the fire, and had taken several photographs, which were introduced into evidence. He determined from the burn pattern that it was apparent the fire began in the cabinet where the gas filler tube came into the motor home and then passed through the floor, and from there it had spread to the rear of the motor home, fanned by the general movement of the vehicle. Mr. Myers discussed several potential causes of the fire which he investigated, however he admitted on cross-examination that he could not pinpoint what caused the fire, and accordingly could not state in terms of probability the cause of the said fire.
Mr. George Pappas testified on behalf of Midas concerning the cause of the fire, and his opinion differed greatly from that of Mr. Myers'. They both agreed the location of the fire was the same, but Mr. Pappas felt that because there was no explosion, this would have negated the prospect of the fire being caused by gasoline, as contended by Mr. Myers. Testimony was also heard by Mr. Jim Jamison, also on behalf of Midas, that the closest electrical switch to where Mr. Myers estimated was the origin of the fire, and presumably the location of the alleged gasoline fumes, was the switch totally isolated and removed from that area by at least one internal cabinet wall and one external wall and two sets of isolated shelving.
The standard of care for a defendant who allegedly provides a defectively designed product approaches the negligence standard. State Farm Fire and Casualty Co. v. Gibson Products of Sulpher, 346 So.2d 1287 (La.App. 3rd Cir. 1977). The burden *612 imposed upon the plaintiff in such a case was summarized in Townsend v. State Department of Highways, 322 So.2d 139 (La. 1975) as follows:
"...The plaintiff has the burden of proving causation by a preponderance of evidence. It is only necessary that evidence show that it is more probable than not that the harm caused by the tortious conduct of the defendant. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971); Perkins v. Texas & New Orleans Railroad Company, 243 La. 829, 147 So.2d 646 (1962); This burden of proof may be satisfied by direct or circumstantial evidence. Lombard v. Sewerage & Water Board of New Orleans, 285 So.2d 905 (La.1973); Jordan v. Travelers Insurance Company, supra; Naquin v. Marquette Casualty Company, 244 La. 569, 153 So.2d 395 (1963). It suffices if the circumstantial evidence excludes other reasonable hypotheses only with a fair amount of certainty so that it is more probable than not that the harm was caused by the tortious conduct of the defendant. Boudreaux v. American Insurance Company, 262 La. 721, 264 So.2d 621 (1972), on rehearing."
The perusal of the record reveals that the third party plaintiff has failed to sustain the burden of proving causation by a preponderance of the evidence. Where, as here, there is conflict in testimony as to the cause of the fire, reasonable evaluations of credibility and reasonable inferences of fact by the trial court will not be disturbed even though this court may feel other evaluations and inferences are as reasonable. Canter v. Koehring, 283 So.2d 716 (La. 1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Boustany v. Fluid Dynamics, Inc., 392 So.2d 750 (La.App. 3rd Cir. 1980). There was sufficient evidence from which the trial court could conclude that the circumstantial proof presented by Midas did not exclude other reasonable hypothesis with a fair amount of certainty. Under these circumstances, it is the insurance company, whose rate structure includes such unknown factors, who must bear the burden of loss for fires of unknown origin.
As we cannot say the trial judge committed manifest error in finding that Foremost did not, by a preponderance of evidence, establish any negligence as to Midas, the judgment of the district court is affirmed. All costs of this appeal are taxed to appellant.
AFFIRMED.