SCHOTT, Judge.
This is before us on a motion by appellees to dismiss the appeals on the ground that the same were not taken within the time prescribed by law. This same motion was three times before the court previously and action thereon was deferred on October 22 and November 18,1980 and on July 8, 1981 on the ground that a resolution of the motion required a consideration of the record, including the transcript.
An inordinate delay has developed in the lodging of the record in this court because of the failure of the court reporter to file the transcript with the clerk of court, but appellees have renewed their motion insisting that the transcript is not necessary for a resolution of the motion. Because of the unusual delay which has developed, and because we recognize that the cost of the transcript would be for naught if appellees’ position is correct, we ordered the record to be filed in this court without the transcript in order to consider the motion. The record shows the following chronological developments:
May 15,1980 Original judgment signed.
May 23,1980 Motion for new trial by appellants First of Georgia and Underwriters at Lloyd’s.
May 27,1980 Motion for new trial by appellees.
June 13,1980 Hearing by the court on the motion for new trial.
June 23,1980 Amended judgment increasing the amount *7 awarded appellees.
September 12,1980 Notice of the signing of the judgment sent to counsel.
September 29,1980 Appeal by First of Georgia.
October 13,1980 Appeal by Lloyd’s.
Appellees’ motion is premised on the assumption that the delay for taking the appeals commenced to run on June 23, 1980, when the judgment was signed. If this were so the appeals would be untimely pursuant to LSA C.C.P. Arts. 1974, 2087, 2123. In support of this argument appellees rely on Art. 1913 which provides that notice of the signing of a final judgment is not required under the circumstances applicable except for the following:
“If, at the conclusion of a trial a case is not taken under advisement but the court does not sign a judgment at the time, a party may make a request of record for notice of the date when the judgment was signed; and when such a request is made, the clerk shall mail such notice to the party requesting it or to his counsel of record.”
A certified copy of the minutes of the court on June 13 contains the following entry of the case’s disposition that day:
“Both motions for new trials denied. An amended judgment will be prepared including $500 coverage for the bracelet as an unsolved claim.”
Consistent with this entry, the judgment denied the motion filed by appellants and granted the motion filed by appellees to the extent of adding $500 to the award.
Taken at face value the minute entry would seem to support appellees’ position. Appellants do not suggest that they made requests for notices of the date the judgment was signed so that the delay would seem to commence on June 23. However, other circumstances prevent us from reaching this conclusion.
In response to appellees’ motion to dismiss the appeal counsel for First of Georgia states in a memorandum to this court that the minute entry was inaccurate in that he was given a week to further brief the trial court so that, in effect, the matter was taken under advisement triggering the second paragraph of Art. 1913 (the third paragraph is quoted above) which makes the mailing of notice of judgment mandatory when the case is taken under advisement.
Ideally, this conflict could best be resolved by reference to the transcript of the hearing on the motion but appellees have favored us with an affidavit of the court reporter stating that he made no shorthand record of the oral argument or of the judge’s ruling. The reporter did say, however, that “I routinely write on my copy of the rules docket the disposition of the rule” and according to this record the trial judge “denied the motion for new trial except to amend the judgment to include $500 against First of Georgia.”
Despite this corroboration of the minute entry by the reporter we are still not persuaded to reach the conclusion advocated by the appellees considering other facets of First of Georgia’s counsel’s memorandum. First, he attaches a copy of a letter from appellees’ counsel dated June 13 to himself and counsel for Lloyd’s sending a copy of what he refers to as “the proposed form of judgment” being submitted to the trial judge “in accordance with his ruling on June 13, 1980.” Second, he states that after he consulted with his client during the following week he orally notified the court that he had no further defenses. Third, he states that although the judgment was signed on June 23 it “was obviously misplaced as it was not filed into the record until the second week of August, 1980.” He states further that “this office made a diligent search for the judgment from June until August.” These assertions are corroborated by a copy of a letter from appellees’ counsel to the trial judge dated July 30, 1980, which reads as follows:
“Dear Judge Fedcroff:
After your original judgment was entered herein, Motions for New Trial were filed and were argued before you on June 13,1980. Pursuant to your ruling on that day, I submitted Judgment on Motions for New Trial and Amended Judgment, copies of which are attached to this letter *8 for your convenience. In checking the record recently, I was unable to find the judgments and I am not sure whether you signed them. I would appreciate it if you would have your minute clerk call me or my secretary to advise me whether the judgments were signed as submitted. If there is some problem with the way I drafted them, would you please let me know what the problem is. If they have been misplaced, I will submit new originals to you.”
Fourth, First of Georgia’s counsel states in his memorandum that he “discussed this delemna” with opposing counsel more than once and the latter called and . notified him that he “had finally found the judgment in the record and was amazed that it showed a date of June 23, 1980. We discussed the matter and decided that a request for notice of judgment would be appropriate to commence appeal time.” In corroboration of these assertions appellant’s counsel attached a copy of a letter from appellees’ counsel to the trial judge dated August 13, 1980, which reads as follows:
“Dear Judge Fedoroff:
I refer you to the Judgment on Motion for New Trial and Amended Judgment signed by you on June 23, 1980.
Mr. Emile Turner, counsel for defendant First of Georgia, has advised me that he has not received notice of the signing of these Judgments and, at his request I would like to suggest that you have notices of these Judgments sent to all counsel of record.”
It is significant that counsel for Lloyd’s in a memorandum to this court adopted by reference the filings by counsel for First of Georgia.
The primary issue to be resolved is whether the trial judge on June 13 after the hearing on the motion for new trial took the case under advisement as maintained by appellants so as to require notice of the signing of the judgment under the second paragraph of C.C.P. Art. 1913 or did not take it under advisement so that no notice was due appellants under the third paragraph of the article. We recognize that the minute entry literally indicates that the case was not taken under advisement. But this entry was not verified by the judge and represents in the briefest form the impression of the minute clerk of the judge’s disposition of the matter. While we would ordinarily accept such an entry as accurate we are confronted here with a challenge by two attorneys representing separate appellants and in the final analysis we are faced with the problem of resolving a conflict between the attorneys for the parties. All three of these attorneys have the respect of this court and are entitled to be taken at their word. Of course they are advocates and see the facts through their respective rose colored glasses. However, our paramount concern is for the rights of the litigants and where there are reasonable doubts as to facts determining whether an appeal should be dismissed or not such doubts should be resolved in favor of saving rather than dismissing it.
Our decision to save this appeal is bolstered by the fact that this judgment of June 23 could not be found until at least after July 30. As of that date no one including appellees’ attorney could assume that a judgment had been signed. Without a signed judgment a valid appeal could not be taken. C.C.P. Art. 1911. The earliest indication the record contains of the signed judgment being found was in appellees’ counsel’s letter of August 13. Under appel-lees’ theory the last day for appellants to apply for a new trial was July 2 and the sixty day period for taking an appeal ran out on August 31. Thus appellees would provide appellants with a delay of perhaps two weeks to consider taking an appeal instead of the sixty plus days normally available for this decision when the problem was not caused or even contributed to by appellants. In the spirit of the law which favors appeals we cannot conclude that these appeals should be dismissed.
Accordingly, the motion to dismiss the appeals as untimely is denied.
Motion to dismiss denied.