452 So.2d 828 (1984)
Mr. & Mrs. Philip BODOIN, Plaintiff-Appellant,
v.
Leland Jerry DAIGLE, Allstate Insurance Company, Defendants-Appellees.
No. 83-773.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1984.
Rehearing Denied July 25, 1984.
Writ Denied October 26, 1984.
*829 Poteet & Landry, John G. Poteet, Jr., Lafayette, for plaintiff-appellant.
Roy & Hattan, L. Lane Roy, Lafayette, for defendants-appellees.
Before GUIDRY, LABORDE and KNOLL, JJ.
KNOLL, Judge.
The Bodoins and Daigles share a common property line in a rural portion of Lafayette Parish where they live. The Bodoins' home lies east of the boundary and the Daigles' west.
As early as 1973 the Daigles began letting grass and weeds grow uncut in their pasture as a visual barrier along the fence line which separates their property from the Bodoins'. The grass and weeds were *830 four to five feet high and covered an area approximately twenty feet wide by a depth of two hundred feet.
At approximately 3:00 p.m. on April 30, 1981 a fire of unknown origin began in the Daigles' pasture away from the visual barrier. It gradually spread into the uncut grass and crossed onto the Bodoin property. Gary Dodson, the Bodoin's son-in-law, noticed the fire spreading and attempted to control it with a garden hose. Before long Mrs. Bodoin arrived and enlisted the aid of her neighbors, Wilson Pellerin and Clinton Touchet. Shifting winds hampered their efforts to control the fire and at approximately 3:30 p.m. they requested the assistance of the Youngsville Fire Department. Some 35 to 40 minutes later the firemen were able to extinguish the flames.
Despite the efforts to control the fire, it burned through most of the Daigles' overgrown grass and under the Bodoins' pine trees and shrubs planted along the fence line.
The Bodoins sued the Daigles and Allstate Insurance seeking damages of $22,399.26 for the loss of approximately twenty-seven pines and numerous shrubs located along the burned fence line together with damages for mental anguish.
The Daigles denied responsibility for any loss the Bodoins may have incurred as a result of the fire and defended the lawsuit by contending that whatever losses the Bodoins may have suffered were attributable to the Bodoins' use of the chemical herbicide, promatol.
The plaintiffs appeal from the judgment of a twelve member jury finding that plaintiffs' loss was not occasioned by the defendants. They have assigned three specifications of error, namely, that the trial court erred by failing:
(1) to instruct the jury regarding strict liability, specifically LSA-C.C. Arts. 667 and 2317;
(2) to provide the jury with a special written interrogatory regarding strict liability; and
(3) to vacate the order for a jury trial because the defendants did not timely post their bond.
The first issue to be resolved from the facts is causation. Without establishing that the damage was caused by the Daigles, the Bodoins cannot recover either under the theory of negligence or strict liability.
To be a cause in fact in legal contemplation, the cause need not be the sole cause but it must have a proximate relation to the harm which occurs, and it must be substantial in character. Lombard v. Sewerage & Water Board of New Orleans, 284 So.2d 905 (La.1973); Dixie Drive It Yourself System v. American Beverage Co., 137 So.2d 298 (La.1962).
The plaintiff must establish a disputed fact by a preponderance of the evidence. Cormier v. Foremost Ins. Co., 405 So.2d 610 (La.App. 3rd Cir.1981); Lombard, supra. Proof of causation may be satisfied by direct or circumstantial evidence. Townsend v. State Department of Highways, 322 So.2d 139 (La.1975); Jordan v. Travelers Insurance Company, 245 So.2d 151 (La.1971). Proof, either by direct or circumstantial evidence, sufficiently constitutes a preponderance of the evidence when the proof, taken as a whole, shows that the fact or causation sought to be proved is more probable than not. Boudreaux v. American Ins. Co., 262 La. 721, 264 So.2d 621 (1972).
Although the theory of strict liability dispenses with the necessity of proving negligence, it does not dispense with the necessity of proof that the property owner's non-negligent use caused the damages. Morales v. Houston Fire & Cas. Co., Inc., 342 So.2d 1248 (La.App. 4th Cir.1977), writ denied 345 So.2d 49 (La.1977); United States Fidelity and Guaranty Co. v. Hyams, 238 So.2d 750 (La.App. 3rd Cir. 1970).
After reviewing the record in light of these principles, we are satisfied that the Bodoins have failed to establish that their damages were caused either by the *831 fire which originated on the Daigles' property or by the condition of their pasture.
The jury was presented with the expert testimony of a forester, an agronomist, a horticulturalist, and a plant physiologist who were unamimous in their opinion that herbicide poisoning caused the loss of the Bodoins' trees. The only contrary testimony was that of plaintiffs' expert forester who concluded that the fire which originated on the Daigles' property caused the loss of plaintiffs' trees. The jury resolved this conflict of testimony in favor of the Daigles and there is ample support for their conclusion. Not finding an abuse of discretion in the jury's resolution of this issue, we will not disturb their finding. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The Bodoins further contend that the uncontrolled growth of pasture weeds and grass along the Daigles' property line constituted an inherent danger in the owner's use of the property. In support of their argument they rely on LSA-C.C. Arts. 667 and 2317.
LSA-C.C. Art. 667 provides:
"Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him."
Article 667 espouses a doctrine of strict liability which does not depend upon negligence. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975). Schulingkamp v. Bd. of Levee Com'rs of Orleans, 425 So.2d 913 (La.App. 4th Cir.1983); Wetzka v. Big Three Industries, Inc., 409 So.2d 393 (La.App. 4th Cir.1982); Toussant v. Guice, 414 So.2d 850 (La.App. 4th Cir. 1982); Charia v. Stanley, 359 So.2d 291 (La.App. 4th Cir.1978), writ denied 362 So.2d 579 (La.1978); Hero Lands, supra; Lombard, supra.
In Hero Lands, supra, the Louisiana Supreme Court stated as follows:
"While the owners of property are not required to suffer damage as a result of works undertaken on their neighbor's property, the law has decreed that certain inconveniences must be tolerated. Society requires this of its citizens because many lawful uses of property necessarily result in inconveniences to one's neighbors. La.Civil Code art. 668.

But the extent of inconvenience the property owner must tolerate without redress depends upon the circumstances. When the actions or works cease to be inconveniences and become damaging is a question of fact. The problem is one which involves the nature of the intrusion into the neighbor's property, plus the extent or degree of damage. No principle of law confines this damage to physical invasion of the neighbor's premisesan extrinsic injury, as it were. The damage may well be intrinsic in nature, a combination of facts and conditions which, taken together, do not involve a physical invasion but which, under the circumstances, are nevertheless by their nature the very refinement of injury and damage. Salter v. B.W.S. Corporation, Inc., 290 So.2d 821 (La.1974). Compare Hillard v. Shuff 260 La. 384, 256 So.2d 127 (1972) (Barham, J., dissenting)."

We find as a matter of law that the overgrowth of grass and weeds in the Daigle pasture, which is located in a rural agricultural area, cannot be considered such an intrusion into their neighbor's property as would give rise to an action for damages under LSA-C.C. Art. 667. Therefore, we conclude that the trial court did not err in failing to instruct the jury regarding Article 667.
Appellants also rely on LSA-C.C. Art. 2317 which provides in pertinent part:
"We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody...."
*832 No Louisiana case has held a property owner strictly liable under C.C. Art. 2317 for the spread of a fire from his land to adjacent property, without proof of a defective thing in the landowner's custody which caused the fire. Toussant, supra, and cases cited therein. In this case the Daigles were not responsible for causing the fire. The cause of the fire is unknown. Further, in our view, the overgrowth of grass and weeds in the Daigle's pasture did not, under the particular circumstances of this case, constitute a defect in the premises such as to give rise to an action under LSA-C.C. Art. 2317.
Therefore for the reasons aforestated we hold that the trial court did not err in failing to more fully explain strict liability in either the jury instructions or the special jury interrogatories.
Regardless of whether this case is analyzed under the theory of negligence or strict liability, the central issue is causation. The Bodoins were not placed under any greater burden in proving causation because of either the jury instruction or the jury interrogatories. See Lasseigne v. Dauterive, 433 So.2d 334 (La.App. 3rd Cir. 1983). Therefore, plaintiffs' specifications of errors one and two cannot support a reversal of the jury determination.
The Bodoins contend that the trial court erred in permitting this case to be tried by a jury. Their argument is that although the order for a jury trial was signed on January 20, 1982, the defendants did not post their bond until March 30, 1983.
LSA-R.S. 13:3050 provides in pertinent part:
"... No jury shall be ordered in any civil case unless the bond is given. The clerk of court shall give immediate notice by certified mail to all parties of the signing of the order allowing the trial by jury. The party who prayed for the trial by jury shall give the required bond within sixty days of the mailing of the notice by the clerk of court...."

The trial court concluded that the defendants' bond was timely filed because the clerk of court delayed in providing notification of the trial order to the parties. Although the record does not contain documentation of when the clerk notified the parties, the Bodoins do not contend that the defendants failed to file the bond within sixty days of the mailing of the notice by the clerk of court. Absent such a showing, we conclude that the trial court properly denied plaintiffs' motion to vacate the order granting defendants a jury trial.
The defendants, Leland Daigle and his insurer, Allstate Insurance, urge in brief that they are appealing the trial court's issuance of a permanent injunction in favor of the plaintiffs, Mr. and Mrs. Phillip Bodoin.
This presents us with two fundamental problems. First, the record does not contain a signed judgment incorporating the injunction. Second, there is no motion in the record reflecting that the defendants have perfected an appeal and defendants did not answer the appeal.
The record only reflects a minute entry by the trial judge dated May 3, 1983 which provides in pertinent part:
"The evidence presented indicates that the allowance of grass and weeds to grow uncontrolled constitutes a nuisance in fact under the circumstances of this case. Accordingly, the defendant is ordered to control the growth of the weeds and grass to a reasonable level, especially during the summer months when the hazards of fire are greater. Judgment in accordance with the foregoing will be signed upon presentation."
Where there are only written reasons and no separate signed judgment, there is no final judgment. Bordelon v. Dauzat, 389 So.2d 820 (La.App. 3rd Cir. 1980). Without a signed judgment an appeal may not be taken. LSA-C.C.P. Art. 1911; Easterling v. First of Georgia Underwriters, 427 So.2d 6 (La.App. 4th Cir. 1983).
*833 Accordingly, we express no opinion on the injunction issue and remand this matter for further proceedings in connection therewith.
For the foregoing reasons the judgment of the trial court dismissing plaintiffs' claim for damages is affirmed. Further, this matter is remanded to the trial court for further proceedings in regard to plaintiffs' demand for an injunction. All costs of appeal are assessed against the appellants, Mr. and Mrs. Phillip Bodoin.
AFFIRMED AND REMANDED.