392 So.2d 155 (1980)
Bob H. HESTER et al.
v.
MONTGOMERY ELEVATOR COMPANY.
No. 13617.
Court of Appeal of Louisiana, First Circuit.
October 6, 1980.
Wiley R. Dial, Baton Rouge, for plaintiffs-appellants Bob H. Hester and Connie F. Hester.
William Faller, Baton Rouge, for defendant-appellee Montgomery Elevator Co.
Before LOTTINGER, EDWARDS and PONDER, JJ.
LOTTINGER, Judge.
This is a suit by the plaintiffs, Bob and Connie Hester, for injuries allegedly sustained when they were trapped in an elevator in the new governmental building in Baton Rouge. From a judgment absolving the defendant, Montgomery Elevator Company, of liability, the plaintiffs perfected this appeal.
The plaintiffs argue that the trial court erred in failing to apply the doctrine of res ipsa loquitur and the doctrine of strict liability under La.C.C. art. 2317 and Loescher v. Parr, 324 So.2d 441 (La.1975).
The plaintiffs were in the process of moving some books into Bob Hester's new office when the elevator in which they were riding stopped between floors in the building. They pulled the alarm button on the control panel of the elevator, and were extricated from the elevator about 30 minutes later. Other than a slight physical injury to Bob Hester, the only damage complained of by *156 the plaintiffs is mental agitation. The plaintiffs contend that the doctrine of res ipsa should be applied to infer negligence or, alternatively, that the defendant should be held strictly liable under La.C.C. art. 2317 and Loescher v. Parr, supra.
The trial judge refused to apply res ipsa because the plaintiffs failed to show that the elevator was within the complete control of the defendant sufficient to merit application of the inference. Though the new governmental building was not complete, it was in the final stages of completion and some of the offices had been occupied. The elevators were operational and in use. Exclusive control by the defendant was therefore not present, and the doctrine of res ipsa was inapplicable. We agree with the trial judge's findings of fact and application of law in this regard and affirm his decision.
Lack of control by the defendant was also the reason the trial judge refused to apply the doctrine of strict liability. Though he found that the elevator was defective, the judge correctly noted that the instrumentality must have been within the control of the defendant for the doctrine of strict liability to attach. Evidence that the elevator was being serviced by the defendant was not sufficient to apply the doctrine. Again, we are satisfied that the trial court correctly decided the factual and legal questions under the doctrine of strict liability.
Therefore, for the above and foregoing reasons, the decision of the trial court is affirmed in all respects. The plaintiffs will bear the costs of this appeal.
AFFIRMED.