517 So.2d 1206 (1987)
Lenard Ray WILSON
v.
HIBERNIA NATIONAL BANK, et al.
No. CA-7619.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1987.
Writ Denied February 26, 1988.
*1207 John P. Ferrara, New Orleans, for plaintiff/appellant.
C. Edgar Cloutier, Christovich & Kearney, New Orleans, for defendants/appellees Otis Elevator Co. and Liberty Mut. Ins. Co.
Before GULOTTA, C.J., and SCHOTT and BYRNES, JJ.
SCHOTT, Judge.
Plaintiff was alone in an elevator in the Hibernia Bank Building in New Orleans when it came to a sudden stop between floors, causing him injury. His suit for damages against the elevator maintenance contractor, Otis, proceeded to trial by jury on the issue of liability. At the conclusion of plaintiff's case the trial judge granted Otis's motion for directed verdict and dismissed plaintiff's suit. The issues are whether the facts could support liability on theories of negligence, res ipsa loquitur, or strict liability.
Plaintiff was employed by a janitorial service on contract with the bank to clean up after business hours. At about 11:00 p.m. on December 28, 1981 he boarded elevator No. 1 on the fourteenth floor and descended toward the ground floor. In the vicinity of the second floor the elevator suddenly stopped between floors. The building security person contacted Otis who dispatched mechanic, Garry Davis, to the building.
Davis boarded another elevator and rode to the top of the building where the mechanical and electrical components of the elevator were housed. He determined that the generator was running on the L relay instead of the M relay. He explained that the L relay was analogous to neutral gear and that a shift to the M relay was necessary to move the elevator. The M relay was inoperative because it depended upon the MH relay which in turn, was in an open position, i.e., not conducting electricity. Davis found that the coil in the MH relay *1208 contained a short circuit which was the cause of the stoppage. He replaced the coil and the elevator functioned properly. At about 7:00 p.m. on the same day Davis had been called to the building because elevator No. 1's doors would not open. When he arrived, however, the elevator was running properly and a check by Davis of the equipment was negative for problems. He testified that any problem with the door was entirely unrelated to the failure of the coil in the MH relay.
The evidence established that the coil's failure was unforeseeable. No maintenance schedule could guarantee that a new one would not fail or that it was reasonable to expect it to fail before a predictable time period. It was compared to a light switch which may operate indefinitely but may suddenly fail for no reason and without warning.
In granting the motion the trial judge found that reasonable jurors could not decide that Otis was liable based upon negligence, because the coil's failure was not foreseeable; it was not something which resulted from a breach of Otis's duty to maintain the elevator. The trial judge rejected res ipsa loquitur as a reasonable theory of liability because "there are too many other equally feasible suppositions such that it would be unreasonable to say more likely than not this occurrence [was] suggestive of negligence." He stated that the evidence showed only "an unexplained mechanical failure" not supportive of res ipsa loquitur. Finally, the trial judge ruled out LSA-C.C. art. 2317 strict liability because Otis did not have "the garde", custody, of the elevator.
A directed verdict under LSA-C.C.P. art. 1810 should only be granted when the facts and inferences point so strongly in favor of one party that reasonable people could not reach a contrary verdict. It is appropriate, not when there is a preponderance of evidence, but only when the evidence overwhelmingly points to one conclusion. Hastings v. Baton Rouge Gen. Hosp., 498 So. 2d 713 (La.1986).
Plaintiff argues that Otis violated its duty to exercise "the highest degree of care" when it failed to discover the defective coil and he would impose on Otis the same stingent duty imposed upon a common carrier for the safety of its passengers. This theory is not supported by the jurisprudence. As a maintenance contractor, Otis's duty was to exercise reasonable care in the performance of services under its contract with the building owner. Austin v. Otis Elevator Company, 336 So.2d 914 (La.App. 4th Cir.1976); Campell v. Otis Elevator Co., 808 F.2d 429 (5th Cir. 1987).
From the evidence presented to them reasonable jurors could not reach the conclusion that Otis breached its duty to exercise ordinary care in the performance of services on the elevator. The evidence established without contradiction that the failure of the coil could not be foreseen or predicted, and that the service call made earlier on the date of the accident was entirely unrelated to the later failure of the coil in the MH relay.
Next, plaintiff argues that the doctrine of res ipsa loquitur was applicable to his case and precluded the granting of the motion for a directed verdict. The doctrine of res ipsa loquitur applies in a case where 1) the circumstances surrounding the accident are so unusual that, in the absence of other pertinent evidence, there is an inference of negligence on the part of the defendant; 2) the defendant had exclusive control over the thing causing the injury; and 3) the circumstances are such that the only reasonable and fair conclusion is that the accident was due to a breach of duty on defendant's past. Boudreaux v. American Insurance Company, 262 La. 721, 264 So.2d 621 (La.1972). Before the doctrine becomes applicable the plaintiff must establish facts which warrant the inference that the injury would not have occurred absent defendant's negligence so that the initial burden of proof is on the plaintiff. Toussant v. Guice, 414 So.2d 850 (La.App. 4th Cir.1982).
The evidence adduced by plaintiff did not furnish a basis for the application of res ipsa loquitur. The evidence was *1209 uncontradicted that the failure of the coil could occur without warning and could not be predicted. It was analogized to the failure of a light light switch which is expected to function for an indefinite length of time but which inexplicably may fail after being in use for a short period of time. Furthermore, the evidence did not establish that this elevator and its components were under the exclusive control of Otis. The duty undertaken by Otis was only to service the elevator as needed. Until the coil in the MH relay failed and Otis was called, the elevator was under the control of the building owner. The evidence did show that Otis was performing a conversion of the building's elevators from manual to automatic operation, but at the time of the accident the conversion of elevator No. 1 one had been completed and its custody had been returned to the building. There was no evidence to the contrary.
Finally, plaintiff contends that the doctrine of strict liability under LSA-C. C. art. 2317 should have been applied to prevent the granting of a directed verdict against him. Our previous discussion of the inapplicability of res ipsa loquitur because of the plaintiff's failure to prove that the elevator was in Otis's custody is dispositive of his Art. 2317 claim. In order for the article to apply, the plaintiff must prove that the thing which caused the damage was in the care or custody of the defendant. Loescher v. Parr, 324 So.2d 441 (La.1975). That Otis had a contract to service the elevators is not sufficient to establish that this elevator was under its care or custody when the coil failed. Hester v. Montgomery Elevator Co., 392 So.2d 155 (La.App. 1st Cir.1980).
Accordingly, the judgment granting the directed verdict and dismissing plaintiff's suit is affirmed.
AFFIRMED.